WRIGHT,     COMPTROLLER     GENERAL     OF
  GEORGIA, *v.* LOUISVILLE AND NASHVILLE
  RAILROAD COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
FIFTH CIRCUIT.

No. 162.   Argued January 29, 1915.—Decided March 22, 1915.

*Wright* v. *Central Ry. of Georgia, ante,* p. 674, followed to effect that
  under the statutes of Georgia and the leases involved in this action
  executions for *ad valorem* taxes on railroads, the owners whereof
  were exempted by statute from a greater tax than a specified per
  cent on the income, could not be enforced against those in posses-
  sion of the railroads as lessees.
The fact that owners of a railroad, who are exempted by statute from
  paying a greater tax than a specified per cent on the income thereof,
  lease the entire road to another company does not open the right of
  the State to tax such lessees on the fee of the property.

In this case the exemption of the lessor from taxation on its road which it has leased applies to betterments and improvements made by the lessee such as the lessor would have made to meet enlarging business and so also as to rolling stock substituted for that of the lessor and which under the lease belongs to the lessor.

Railroad property jointly used with exempted property but not part of the road originally exempted may be subject to assessment but not in one assessment covering both the classes of property.

201 Fed. Rep. 1023, modified and affirmed.

THE facts are stated in the opinion.

*Mr. Samuel H. Sibley*, with whom *Mr. John C. Hart* was on the brief, for petitioner. (For abstract of argument see *ante*, p. 675.)

*Mr. Alex C. King*, with whom *Mr. Jos. B. Currey, Mr. Bryan Currey, Mr. R. C. Alston* and *Mr. Philip H. Alston* were on the brief, for respondents and cross petitioners.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill brought by the railroad companies, respondents, to prevent the collection of a tax upon the Georgia Railroad, operated by them under a lease and assessed to them as their property. The District Court made a decree for the plaintiff with certain exceptions, which was affirmed on appeal and cross appeal by the Circuit Court of Appeals for the reasons given by the District Court. 199 Fed. Rep. 454. 201 Fed. Rep. 1023.

The main question is similar to that disposed of in *Wright* v. *Central of Georgia Railway Company*, just decided, *ante*, p. 674.

By its charter granted on December 21, 1833 (Laws of 1833, p. 256) the stock of the Company and its branches is subject only to a 'tax not exceeding one-half one per cent. per annum on the net proceeds of their investments.' § 15. This language is interpreted and held to constitute

a binding contract in *Wright* v. *Georgia Railroad and Banking Co.*, 216 U. S. 420. So it is admitted that the present tax could not be levied on the lessor. By § 12 of the same charter the Company is authorized to "rent or farm out all or any part of their exclusive right of transportation or conveyance of persons, on the rail-road or rail-roads, with the privilege to any individual or individuals, or other company, and for such term as may be agreed upon." So the State has convenanted that the Company's property shall be exempt from tax except upon its income which it is authorized to make in any of three ways. And as bearing on the different uses of the Company's franchise that were deemed possible in that day, as we remarked in the other case, we may add that by § 13, if any persons intrude upon the railroad by any manner of use thereof they shall forfeit to the Company all the vehicles and animals that may be so intrusively introduced and used; that by § 14 the Company, if it sees fit to farm out any part of its exclusive right, may prescribe the value and size of vehicles to be used or pass on its road, and the locomotive power; and that by § 22, the Company, if it prefers, instead of railroads may construct common roads and use steam carriages thereon.

The plaintiffs are operating the roads in question under a lease made to one Wadley to whose rights they have succeeded. *Georgia Railroad & Banking Co.* v. *Maddox*, 116 Georgia, 64. This instrument purported, in the language quoted above from § 12 of the charter, to 'rent and farm out' the privileges and roads of the lessor for a term of ninety-nine years from April 1, 1881. For the reasons given in the other case we cannot believe that if the company saw fit to gain 'the net proceeds of their investments,' (to one-half of one per cent. of which their tax was limited), by letting the whole road instead of allowing others to introduce carriages, the statute silently opened the right to resume as against the lessee all that

had been renounced as against the lessor. If the fee of the roads is taxable to no one while the liability of the lessor to the above mentioned one-half of one per cent. remains, an attempt to collect a tax upon the fee from the plaintiffs is an attempt on the part of the State to tax the leased property which was completely beyond the reach of its taxing power except in so far as permitted by the contract, the obligations of which could not be impaired without a violation of the contract clause of the Constitution of the United States. Thus the particular features of the case in hand take it without the rule applied in *Rochester Railway* v. *Rochester*, 205 U. S. 236, and other kindred cases, from which we have no purpose to depart.

Some subordinate questions remain. Betterments and improvements of the demised road such as the lessor naturally would have made to meet the necessities of an enlarging business stand on the same footing as the original road and are exempt. *Wright* v. *Georgia R. R. & Banking Co.*, 216 U. S. 420, 427–432. *Gardner* v. *Georgia R. R. & Banking Co.*, 117 Georgia, 522, 532. The rolling stock substituted for or added to that turned over to the lessees became the property of the lessor as soon as acquired and also is exempt like that of which it took the place. The lessee covenants to return the property in as good condition as it was then in, and the lease provides that 'the property substituted for and added to that which is hereby rented and farmed out, shall be the property of' the lessor. 'Shall be' obviously means shall be when so substituted. It is not confined to such substituted property as may be on hand at the end of the lease. The lessor is to be kept continuously the owner of an equipped road. The Railroads not being domiciled in Georgia are not taxable there for stock and bonds of other companies merely appearing to be owned by them. Some necessary and proper improvements were made by the lessor before the lease and paid for by the proceeds of

bonds issued by it. We do not perceive why they should be put on a different footing from the others. And we are not prepared to say that terminals, &c., added to the demised property belonging to the lessor, although brought with $225,000 of money belonging to the lessees, were not reasonable betterments and exempt.

The Atlanta terminals require separate treatment. Besides so much of them as was embraced in the lease, there seems to be other land belonging to the West Point Company, and other land again of the Louisville and Nashville Railroad. By an agreement between the plaintiffs and the West Point Company this property is converted into and used as a joint terminal. The assessment complained of deals with this as a separate entity and item, and in the decree is excepted from the injunction. It appears to us that so much of the property as is part of the exempted line still is exempt. It is used for the purposes of the line, although the relations have become more complex. The rest may be subject to taxation, but not in this assessment. The decree will be modified in this respect, but otherwise is affirmed.

*Decree modified and affirmed.*

MR. JUSTICE LAMAR took no part in the decision.

Dissenting: MR. JUSTICE HUGHES, MR. JUSTICE PITNEY, MR. JUSTICE McREYNOLDS.