## MORRIS CANAL AND BANKING COMPANY *v.* BAIRD.

### ERROR TO THE COURT OF ERRORS AND APPEALS OF THE STATE OF NEW JERSEY.

No. 1.   Argued October 21, 1915.—Decided November 21, 1915.

A transfer, even though under legislative authority, of all the property and franchises of one corporation to another does not vest the latter with freedom from exercise of governmental power which the former enjoyed under its charter. *Rochester Railway* v. *Rochester,* 205 U. S. 236.

An express provision in a legislative charter limiting an exemption from taxation to such property as is possessed, occupied, and used by the company for the actual and necessary purposes for which it was chartered must be strictly construed under the settled rule that transfers do not carry the exemption even though, as in this case,

the State has reserved rights of purchase and eventual ownership of the property.

After property has been transferred by one corporation to another it is not possessed, occupied and used by the former, and an exemption from taxation during such possession, occupation and use no longer applies.

Taxes imposed by the State of New Jersey upon the lessee of the property of the Morris Canal and Banking Company *held* not to be unconstitutional as impairing the obligation of the contract of exemption contained in the charter of the company granted in 1824, that company having leased all of its property to the lessee and the exemption not being transferable and only applicable to property possessed, occupied and used by the canal company; and further *held* that the general rule was not affected in this case by the fact that the State reserved the power to purchase the property of the canal company within a specified period and that within a further specified period such property should become the property of the State.

76 N. J. Law, 627, affirmed.

THE facts, which involve the constitutionality under the contract clause and the construction of a taxing statute of New Jersey and the validity of a tax levied thereunder, are stated in the opinion.

*Mr. Gilbert Collins* for plaintiffs in error:

The contract of exemption from taxation was not a bounty conferred on any particular company, nor an agreement made merely in view of presumptive benefits to the people. It was a contract of exemption of certain specific property, for an adequate consideration, to wit, the conveyance of the property itself to the State, possession to be taken at the end of a term of years, the owner meantime to devote the property to public use on terms controlled by the State, and for other substantial considerations. *Barnett* v. *Johnson,* 15 N. J. Eq. 481.

The exemption from taxation was limited to the company's property essential to the canal use. *State* v. *Betts,* 24 N. J. L. 555; *Morris Canal* v. *Jersey City,* 12 N. J. Eq. 227; *Morris Canal* v. *Haight,* 35 N. J. L. 178; *Morris*

*Canal* v. *Love,* 37 N. J. L. 60; *Lehigh Valley R. R.* v. *Newark,* 44 N. J. L. 323; *Morris Canal* v. *Cleaver,* 46 N. J. L. 467. See also *New Jersey* v. *Wilson,* 7 Cranch, 164.

This case presents not only a full and adequate consideration, but has the further support that the property exempted is exempted because it is public property. *New Orleans Gas Co.* v. *Louisiana Light Co.,* 115 U. S. 654; *Ches. & Ohio R. R.* v. *Virginia,* 94 U. S. 726; *Central R. R. of Georgia* v. *Georgia,* 92 U. S. 670; *Powers* v. *Detroit &c. Ry.,* 201 U. S. 543; *Tennessee* v. *Whitworth,* 117 U. S. 129; *Humphrey* v. *Pegues,* 83 U. S. 244; *Philadelphia & Wilmington R. R.* v. *Maryland,* 10 How. 377; *Green County* v. *Conness,* 109 U. S. 104.

Cases in which the exemption was denied in the hands of the assignee company fall within four classes none of which included the case at bar:

Where the mortgage, lease or transfer was made without express statutory authority. *Memphis R. R.* v. *Commissioners,* 112 U. S. 609; *Ches. & Ohio R. R.* v. *Miller,* 114 U. S. 176; *Pickard* v. *East Tenn. R. R.,* 130 U. S. 637; *Mercantile Bank* v. *Tennessee,* 161 U. S. 161; *East Tenn. R. R.* v. *Camden Co.,* 102 U. S. 273; *Wilson* v. *Gaines,* 103 U. S. 417; *Louis. & Nash. R. R.* v. *Palmer,* 109 U. S. 244.

Where the corporation claiming the exemption was not created until a constitutional bar to exemption had been interposed. *Trask* v. *McGuire,* 18 Wall. 391; *Keokuk &c. R. R.* v. *Missouri,* 152 U. S. 301; *Atlantic &c, R. R.* v. *Georgia,* 98 U. S. 359; *St. Louis &c. R. R.* v. *Berry,* 113 U. S. 465; *Memphis &c. R. R.* v. *Berry,* 112 U. S. 609; *Minn. & St. Louis Ry.* v. *Gardner,* 177 U. S. 332; *Shields* v. *Ohio,* 95 U. S. 321; *Maine Cent. R. R.* v. *Maine,* 96 U. S. 509; *Yazoo & Miss. Valley Ry.* v. *Adams,* 180 U. S. 1, 18; *New York* v. *Cook,* 148 U. S. 406.

Where from surrounding words and circumstances it is apparent that the legislature did not intend the exemption to pass to the successor. *Phœnix Fire Ins. Co.* v. *Johnson,*

161 U. S. 174; *Chicago &c. R. R.* v. *Missouri,.* 122 U. S. 561; *Wilmington &c. R. R.* v. *Allsbrook,* 146 U. S. 279; *Ches. & Ohio R. R.* v. *Miller,* 114 U. S. 176; *East Tenn. R. R.* v. *Camden Co.,* 102 U. S. 273; *Wilson* v. *Gaines,* 103 U. S. 417; *Citizens St. Ry.* v. *Memphis,* 53 Fed. Rep. 715; *Minot* v. *P. W. & B. R. R.,* 18 Wall. 206; *Bancroft* v. *Wicomico Co.,* 121 Fed. Rep. 874, aff'd 135 Fed. Rep. 977.

Where the intent to pass the immunity was not sufficiently clearly expressed. *Covington & Lexington R. R.* v. *Sanford,* 164 U. S. 578; *Norfolk & W. R. R.* v. *Pendleton,* 150 U. S. 673; *People's Gas Light Co.* v. *Chicago,* 194 U. S. 1; *St. Louis & San Fran. Ry.* v. *Gill,* 156 U. S. 656; *Morgan* v. *Louisiana,* 93 U. S. 217.

The reluctance of the courts to enforce contracts of exemption because relieving property from the common burden which public policy requires shall be equally borne, has no just application to the case now before the court. *Minot* v. *P. W. & B. R. R.,* 18 Wall. 206, 225.

The exemption from taxation passed to the lessee. *Boston & Lowell R. R.* v. *Salem & Lowell R. R.,* 68 Massachusetts, 1, 35.

This contract right should not be denied to the transferee, except on the theory that it is a bounty or personal immunity which the State has given to the grantor.

*Mr. Robert H. McCarter,* with whom *Mr. Edmund Wilson,* Attorney General of the State of New Jersey, was on the brief, for defendants in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

The Court of Errors and Appeals of New Jersey sustained a tax for the year 1906 levied by the State Board of Assessors, under the railroad and canal tax act of 1884 and supplements thereto, upon the canal and appurtenances leased by the Morris Canal and .Banking Com-

pany to the Lehigh Valley Railroad. 76 N. J. L. 627.
Plaintiffs in error claim the charter of the lessor company
exempts the assessed property from taxation, and to sub-
ject it to the charge in question would impair the obliga-
tion of that contract contrary to the provisions of Article I,
§ 10, Federal Constitution.

The Morris Canal and Banking Company was incor-
porated by a special act of the New Jersey Legislature,
passed December 31, 1824,[1] for the purpose of constructing
a canal across the State. This statute expressly declared
that "said canal when completed shall forever thereafter
be esteemed a public highway," gave the State the right
to purchase it after ninety-nine years at a fair valuation,
and specified that it should become the sole property of
the State after one hundred and forty-nine years; but no
power was granted the corporation either to sell or lease
its works. Section 4 provides:

"No state, county, township, or other public assess-
ments, taxes or charges whatsoever shall at any time be
laid or imposed upon the said canal company, or upon the
stocks and estates which may become vested in them under
this act; but this exemption shall not extend to any other
estate or property of the company than such as is pos-
sessed, occupied and used by the said company for the
actual and necessary purposes of said canal navigation
under this act, according to the true intent and meaning
thereof; . . ."

An act approved March 14, 1871 (Acts, p. 444), amended
the original charter as follows:

"It shall and may be lawful for the Morris Canal and
Banking Company, by and with the consent of a majority
in interest of the stockholders of the said company, ex-
pressed in writing and duly authenticated by affidavit,

---

[1] An act to incorporate a company to form an artificial navigation
between the Passaic and Delaware Rivers. Acts N. J. 1824, 158–160.

and filed in the office of the secretary of state, to lease the canal of said company, or any part thereof, with all or any of its boats, property, works, appurtenances and franchises, to any person or persons, or corporation, either perpetually or for such shorter time, and upon such rents and agreements, as may be agreed upon between the said contracting parties, and it shall be lawful for the lessee or lessees in said lease to use and enjoy the said property and franchises so demised, for the term in said lease mentioned."

By indenture dated May 4, 1871, the canal company undertook to let and demise to the Lehigh Valley Railroad its entire canal and navigation works, together with all corporate franchises, *rights and privileges,* other than that of being a corporation, to have and to hold unto the lessee, its successors and assigns, perpetually. (The words rights and privileges are not contained in the amendment to the charter.) Likewise it bargained and sold to the railroad all of its cars, trucks, boats, etc., and movable property of every kind and description except certain records and specified articles.

Admitting that the provision in the charter of 1824 granting exemption from taxation constituted a valid contract which subsequent legislation could not impair, the State maintains that it ceased to apply after the lease and sale to the railroad, and the property in question then became subject to assessment.

The doctrine essential to the solution of the question in issue was lucidly stated and the pertinent authorities cited in *Rochester Railway* v. *Rochester,* 205 U. S. 236, Mr. Justice Moody delivering the opinion. Speaking in respect of the transfer of an immunity from the exercise of governmental power granted by contract, he declared (p. 247):

"Although the obligations of such a contract are protected by the Federal Constitution from impairment by

the State, the contract itself is not property which, as such, can be transferred by the owner to another, because, being personal to him with whom it was made, it is incapable of assignment. The person with whom the contract is made by the State may continue to enjoy its benefits unmolested as long as he chooses, but there his rights end, and he cannot by any form of conveyance transmit the contract or its benefits, to a successor. . . . But the State, by virtue of the same power which created the original contract of exemption, may either by the same law, or by subsequent laws, authorize or direct the transfer of the exemption to a successor in title. In that case the exemption is taken not by reason of the inherent right of the original holder to assign it, but by the action of the State in authorizing or directing its transfer. As in determining whether a contract of exemption from a governmental power was granted, so in determining whether its transfer to another was authorized or directed every doubt is resolved in favor of the continuance of the governmental power and clear and unmistakable evidence of the intent to part with it is required."

And, after a review of former opinions, the conclusion was reached that a transfer, under legislative authority, of "the estate, property, rights, privileges and franchises" of one corporation to another did not vest in the latter the freedom from exercise of governmental power which the former enjoyed under its charter.

The results in *Wright* v. *Central of Georgia Ry.*, 236 U. S. 674, and *Wright* v. *Louisville & Nashville R. R. Co.*, 236 U. S. 687, 690, were based upon the original charters, which were interpreted as contemplating and permitting subsequent transfers without subjecting the fee to taxation. Neither of these cases modifies the principles announced and applied in the opinion quoted from above—it is referred to with approval in the latter of them.

By express terms the charter of the Morris Canal and

Banking Company limited the exemption from taxation to such property "as is possessed, occupied and used by the said company for the actual and necessary purposes of said canal navigation." This language must be strictly construed under the settled rule, notwithstanding the rights of purchase and ownership secured by the State, the supposed value of which, it is claimed, was so unusual that a more liberal interpretation should be adopted. After transfer to the railroad the assessed property was not possessed, occupied or used by the canal company; and the exemption, therefore, no longer applied, unless some legislation plainly authorized or directed its transfer.

Only the act of March 14, 1871, can be relied upon to show such authorization or direction. But this merely permitted the lease of "the canal of said company, or any part thereof, with all or any of its boats, property, works, appurtenances and franchises;" and, as clearly pointed out in the *Rochester Case, supra,* an exemption from taxation does not pass under a valid lease or sale of corporate property together with appurtenances and franchises.

We find no error in the judgment of the court below, and it is accordingly.

*Affirmed.*