## CENTRAL OF GEORGIA RAILWAY COMPANY *v.* WRIGHT, COMPTROLLER GENERAL OF THE STATE OF GEORGIA.

ERROR TO THE SUPREME COURT OF THE STATE OF GEORGIA.

No. 163. Argued January 21, 1919.—Decided February 3, 1919.

The same reasons which led this court to decide that the tax exemptions in the special charters of the Augusta & Savannah and the Southwestern Railroads inured to the Central of Georgia Railway as their lessee and precluded taxing the latter upon the fee of the leased property (*Wright* v. *Central of Georgia Ry. Co.*, 236 U. S. 674),

invalidate an attempt to evade the charter contracts by a tax of the
leasehold interests.

Contracts in special charters creating perpetual tax exemptions are not
revocable by later provisions of the state constitution.

146 Georgia, 406, reversed.


THE case is stated in the opinion.

*Mr. T. M. Cunningham, Jr.,* and *Mr. A. R. Lawton* for
plaintiff in error.

*Mr. Samuel H. Sibley,* with whom *Mr. John C. Hart*
was on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity brought by the Railway Com-
pany to prevent the collection of certain taxes, which, it is
alleged, would be contrary to Article I, § 10, and to the
Fourteenth Amendment of the Constitution of the United
States. The case was heard on bill, demurrer and answer
and certain agreed facts, and the Court of first instance
issued an injunction as prayed. The decree was reversed
however by the Supreme Court of Georgia and a writ of
error was taken out to bring the case here. It presents
another attempt to accomplish, by a change in form, what
in *Wright* v. *Central of Georgia Ry. Co.,* 236 U. S. 674, was
held to be an unconstitutional result.

In that decision it was explained how the Central of
Georgia Railway Company had become the holder of
leases from the Augusta and Savannah and the South-
western Railroad of property which by the charters of the
lessors was to be taxed only in a certain way and to a cer-
tain amount. An attempt had been made to tax the
lessee for the property, the leases being for one hundred
and one years, renewable in like periods upon the same
terms forever. The tax was laid upon the real estate, road

bed, and franchise value, (with a certain deduction), of the two lessors. It was held that the statutes made the fee exempt from other taxation than that provided for, in favor as well of the lessee as of the lessor. The taxes now attempted to be levied are upon the leasehold interests of the lessee in the same roads and it is argued that, if the leases produce a profit in excess of the rental, the value is required to be taxed by the constitution of the State. But the constitution was subsequent to the charters that created the exemption and must yield to them if they apply to the present attempt. We are of opinion that although the decision in the former case necessarily was confined to the question before the Court, the reasoning applies with equal force to that now before us. The cases of *Rochester Ry. Co.* v. *Rochester*, 205 U. S. 236, and *Jetton* v. *University of the South*, 208 U. S. 489, were urged as opposed to the conclusion reached but were thought not to control in view of the exceptional facts and language that had to be considered, as was recognized in *Morris Canal & Banking Co.* v. *Baird*, 239 U. S. 126, 132. We must follow the precedent that was established after full discussion and with recognition of the difficulties involved.

The charter contracts in question are of a kind that goes back to the time when railroads were barely beginning and that would not be likely to be repeated, but of course will be carried out by the State according to what was meant when they were made.

*Decree reversed.*