LIBERTY NATIONAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22372.  Promulgated December 16, 1929.

*Charles F. Miller, Esq.*, and *Glenn J. Homan, Esq.*, for the petitioner.

*Arthur H. Murray, Esq.*, for the respondent.

512

LANSDON: None of the facts material to this proceeding are in dispute. The only issue here is the determination of the proper basis for computing the gain or loss resulting from the sale of bonds by the petitioner in the taxable year in the circumstances set forth in full in our findings of fact. The respondent contends that the correct basis for such computation is the cost of the bonds to the Liberty National Bank and that the sale of the bonds by such bank to its subsidiary corporation was an intercompany transaction which could neither result in income taxable to the affiliated group nor establish a basis for the computation of gain resulting from the sale of such bonds, subsequent to the election to file separate returns. The petitioner contends that the amount which it paid for the bonds on December 6, 1921, is the cost thereof to it and relies upon section 202(a) of the Revenue Act of 1921, which is as follows:

That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; * * *

Except for the purposes of Federal income tax, the two concerns herein involved during all the time material to this proceeding were separate corporate entities. Each was created for certain definite purposes set forth in its charter or articles of incorporation. No law known to this Board barred either corporation from dealing with the other, although for tax purposes such transaction could not result in taxable gain or deductible loss during the period in which consolidated returns were required. In the course of its business the petitioner purchased certain bonds and paid therefor the amount of $725,984. Later, and after the election to file separate returns, in conformity with an act of Congress, it sold the same property for $726,128.36. Clearly, since the property involved was not subject to depreciation, the gain or loss from such sale was the difference between cost and selling price. To hold otherwise would be to extend the purposes and effects of affiliation for income-tax purposes by implication and this is not within the power of the Commissioner or of the Board. The plain language of the law must prevail. *Gould* v. *Gould*, 245 U. S. 151; *Benziger* v. *United States*, 192 U. S. 38; *Shwab* v. *Doyle*, 248 U. S. 529; and *United States* v. *Anderson*, 263 U. S. 179, 187.

Reviewed by the Board.

> *Decision will be entered for the petitioner under Rule 50.*

TRAMMELL, GREEN, and MURDOCK dissent.