DAWKINS, J., recused.

---

(90 South. 919)

No. 23241.

LANDRY v. MONTELEONE.

(Jan. 30, 1922. Rehearing Denied Feb. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Landlord and tenant** ⇐169(6)—**Evidence held to show floor of leased premises was rotten.**

In an action for personal injuries to a tenant, evidence *held* to show that the floor of the premises was rotten, and that the landlord had knowledge thereof, and that plaintiff's injuries were sustained by the floor giving way under her.

2. **Landlord and tenant** ⇐168(1)—**Tenant is not required to test strength of floor before walking on it.**

Even if a tenant knew that a floor was in bad condition, she was not obliged to have its

strength tested before she ventured to walk upon it, and is not contributorily negligent because she did go thereon.

**3. Landlord and tenant ⊙═168(1)—Failure of tenant to make repairs and deduct from rent is not contributory negligence.**

Though Civ. Code, art. 2694, authorizes the tenant to make repairs which it is the duty of the landlord to make under article 2693, and not the duty of the tenant to make under article 2716, and to deduct the cost thereof from the rent, it imposes no obligation upon the tenant to make such repairs, and her failure to do so is not contributory negligence.

**4. Damages ⊙═131(2)—$500 for temporary injuries to thigh held not excessive nor inadequate.**

In an action for personal injuries to a tenant who stepped through a hole in the floor lacerating her thigh so as to confine her to her bed for about three weeks, where the evidence showed that much of her suffering since the injury as before it was due to a pre-existing disease, a judgment for $500 damages was neither excessive nor inadequate and will be affirmed.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Mrs. David Landry against Bernard A. Monteleone to recover damages for personal injuries. Judgment for the plaintiff, and defendant appeals, and plaintiff prays that the amount of the judgment be increased. Affirmed.

M. C. Scharff, of New Orleans (U. Marinoni, Jr., of New Orleans, of counsel), for appellant.

Anthony J. Rossi, of New Orleans (Charles I. Denechaud, of New Orleans, of counsel), for appellee.

O'NIELL, J. This is an action by a tenant against her landlord for damages for personal injuries resulting from the breaking of a floor in the leased building. The suit is founded upon article 2695 of the Civil Code, which declares that the lessor guarantees his lessee against vices or defects in the leased premises and is bound to indemnify the lessee for any loss that he may suffer by reason of such vice or defect. The civil district court gave judgment in favor of plaintiff for $500; and defendant has appealed. In answer to the appeal, plaintiff prays that the amount of the judgment be increased to $5,000.

The defense is, primarily, a denial that the floor was rotten and that the accident happened as alleged, and an averment that plaintiff had a fainting spell and fell on the floor. In the alternative, defendant contends that, if the floor was rotten and did break, as alleged, plaintiff was guilty of contributory negligence in neglecting to have the floor repaired and to deduct the expense from the rent.

[1] The evidence shows conclusively that the floor was badly decayed, that it broke while plaintiff was walking on it, and that her foot and leg went into the hole in the floor, injuring her thigh. She had complained to defendant of the condition of the floor, about three months before the accident, and he had had it patched, but not at the place where the accident occurred. In fact, the floor had broken and had been patched in several places before the accident. The only proper way to have remedied the condition was to have put in a new floor. That was done by defendant some time after the accident and after plaintiff had vacated the premises.

[2] There is no merit in the contention that plaintiff was guilty of contributory negligence. It is true, she knew that the floor was in bad condition, but she was not obliged to have its strength tested before she ventured to walk upon it. Wise v. Lavigne, 138 La. 219, 70 South. 104; Boutte v. New Orleans Terminal Co., 139 La. 945, 72 South. 513.

[3] The only repairs which a tenant is obliged to make to the leased premises are enumerated in article 2716 of the Civil Code, viz.: Repairs to the hearths and to the back of chimneys and chimney casings;

to the plastering of the lower part of interior walls; to the pavement of rooms, when only partially broken, but not when in a state of decay; the replacing of window glass, when broken accidentally; and repairs to windows, shutters, partitions, locks and hinges, and other such things, according to the custom of the place. We are not aware of any local custom on the part of tenants to repair the floors of leased premises, especially when they are in such a state of decay that they ought to be entirely renewed. Article 2693 of the Code declares that the lessor is obliged to make, during the term of the lease, all repairs to the leased premises that may become necessary, except those which the lessee is obliged to make, as enumerated in article 2716, supra. It is true, article 2694 declares that, if the lessor fails or neglects to make the repairs which the law requires of him, after the lessee has demanded that they be made, the lessee may have the repairs made and deduct the cost from the rent due. But, in Boutte v. New Orleans Terminal Co., supra, reviewing all of the previous decisions on the subject, we held that article 2694 of the Code merely gave the lessee the right, but did not impose upon him any obligation, to make such repairs as the lessor was obliged, but had neglected, to make. And it was decided that the lessee had not been guilty of contributory negligence, by failing to avail herself of her privilege to make such repairs and deduct the cost from the rent due; the neglect of which repairs, in that case, resulted in a fatal accident to the lessee.

[4] The amount of the judgment appealed from does not seem either excessive or insufficient. As a result of the accident, plaintiff was confined to her bed, under treatment by a physician, for about three weeks, suffering from contusions of the thigh and internal injuries. But the testimony of her physician discloses that she was physically unsound before the accident, and that much of the suffering which she has endured since the accident was the result of her previous illness and was the same that she had suffered before the accident.

The judgment appealed from is affirmed, at the cost of appellant.