(111 So. 670)

No. 28304.

## LASYONE et ux. v. ZENORIA LUMBER CO.

### In re LASYONE et ux.

(Jan. 31, 1927.    Rehearing Denied Feb. 28, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Landlord and tenant �köm2—Louisiana courts are governed solely by laws of such state in determining rights of landlord and tenant.**

   In considering and determining questions involving rights of landlord and tenant, Louisiana courts must be governed solely by laws of this state; such rights being radically different under civil law and common law.

2. **Pleading �köm228—Allegations of petition must be accepted as true on exception of no cause of action.**

   Allegations of petition must be accepted as true for purposes of exception of no right or cause of action.

3. **Landlord and tenant �köm164(1)—Landlord must know whether building is safe for rental purposes, and is answerable for injuries because of defects to those lawfully therein.**

   Under Civil Code of Louisiana, landlord is bound to know whether building is safe for purposes for which he rents it or authorizes its use, and is answerable for injuries to those lawfully therein by reason of defects, whether in original construction or because of failure to make proper repairs.

4. **Landlord and tenant ⊦ köm164(1)—Lessor is liable for injuries caused by failure to keep building safe, though defect was not result of its ruin or vice in original construction (Civ. Code, arts. 2322, 2692, 2693).**

   Under Civ. Code, arts. 2692, 2693, lessor is liable for injuries to lessee or members of his family because of failure to keep building safe, though defect complained of was not result of ruin of building nor of vice in original construction within article 2322.

5. **Landlord and tenant ⊦ köm164(1)—Nail in obscure corner of room held not trifling defect, which lessees, unaware thereof, should have remedied before injury to their infant child.**

   A nail in obscure corner of room in house, into which lessees had moved only day before fatal injury to their infant child thereby, *held* not a trifling or insignificant vice or defect, which should have been remedied by lessees, who were unaware of its existence.

6. **Landlord and tenant ⊦ köm164(1)—Existence of nail in wall, not fall of lessees' infant child against it, held proximate cause of fatal injury.**

   Existence of nail in wall of rented house, not fall of lessees' infant child against it, *held* proximate cause of injury resulting in latter's death.

7. **Negligence ⊦ köm59—That accident was exceptional, unnatural, and unforeseen does not relieve from liability.**

   That accident resulting in death was exceptional, unnatural, and unforeseen, does not relieve one, whose negligence caused it, from liability.

St. Paul and Brunot, JJ., dissenting.

Certiorari to Court of Appeal, Parish of La Salle.

Action by Oscar Lasyone and wife against the Zenoria Lumber Company. A judgment sustaining an exception of no right or cause of action was affirmed by the Court of Appeal, and plaintiffs apply for certiorari or writ of review. Judgments set aside, exception overruled, and case remanded to district court.

Peterman, Dear & Peterman, of Alexandria, for applicants.

Stubbs & Thompson, of Monroe, for respondent.

ROGERS, J. In this proceeding we are required to review the action of the Court of Appeal for the Second Circuit in affirming a judgment of the Eighth district court for the parish of La Salle, sustaining an exception of no right or cause of action and rejecting plaintiffs' demand.

The suit is one by parents to recover damages for the death of their minor daughter, 17 months of age. The material allegations of the petition are that plaintiffs rented a dwelling owned by the defendant company; that the day after they moved into said dwelling their said minor daughter, while playing in the dining room of said house, accidentally lost her balance and fell against the wall of the room and struck her head against a large nail which was protruding from the wall a distance of two or three inches; that the nail pierced the skull of the child, penetrating her brain, and resulting, after much suffering, in her death; that they had no knowledge of the existence of the nail in the wall; that it was the duty of the defendant company, as owner and lessor, to have and to keep the leased premises in a safe condition for occupancy, and it was gross negligence on the part of said company to rent said dwelling and to permit its occupancy without ascertaining that it was safe, and without putting it in a safe condition; that it was the duty of the said lessor to know whether said premises were safe for the purposes for which it was rented, or for which its use was authorized; and that said lessor is answerable in damages to those who, being lawfully therein, are injured by reason of the defects thereof, whether from original construction or from the failure to make the proper repairs.

In sustaining defendant's exception, the Court of Appeal held that the protrusion of the nail from the wall was not the proximate cause of the injury and death of plaintiff's child. In support of its decision, the court cited one Louisiana case (Bianchi v. Del Valle, 117 La. 587, 42 So. 148) and a number of common-law authorities.

The Bianchi Case is not appropriate to the issue raised by the exception under discussion here. That case was heard and decided upon the merits. There the facts disclosed that plaintiff was injured by stepping into holes in the floor of a room which she had caused by moving "roller bedsteads" about. The court found that "the defects were apparent" and plaintiff "knew all about them. None the less, she placed her foot on the spot she should have avoided."

[1] In respect to the other authorities relied on in support of the opinion of the Court of Appeal, it is sufficient to say that under the civil law the rights of landlord and tenant are radically different from what they are under the common law. The decisions of courts administering the latter system of law, therefore, can throw but little light upon questions involving such rights. In the consideration and determination of such questions, our courts must be governed solely by the laws of this state. Ciaccio v. Carbajal, 145 La. 869, 83 So. 75; Klein v. Young, ante, p. 59, 111 So. 495, No. 27863 of our docket.

[2, 3] The law pertinent to the issues raised by the allegations of plaintiffs' petition, which must be accepted as true for the purposes of the exception, is to be found in our Civil Code as interpreted by the decisions of this court. Thus the rule is, in this state, that the landlord is bound to know whether his building is safe for the purposes for which he rents or authorizes its use, and is answerable to those who, being lawfully therein, are injured by reason of its defects, whether of original construction or failure to make proper repairs. Davis v. Hochfelder, 153 La. 183, 95 So. 598; Breen v. Walters, 150 La. 578, 91 So. 50; Schoppel v. Daly, 112 La. 201, 36 So. 322.

[4] Defendant contends, however, that the protrusion of the nail through the wall of its building constituted neither the ruin of the building nor a vice in its original construction, in contemplation and meaning of Civ. Code, art. 2322, and that plaintiffs have not brought their case within the terms of the article. But Civ. Code, art. 2693, provides that the lessor is obligated to deliver the leased premises in good condition, and free from any repairs, and Civ. Code, art. 2692, de-

clares that the lessor is bound from the very nature of the contract to maintain the thing leased in a condition such as to serve for the use for which it is hired. In interpreting these and other articles of the Code, the cases referred to supra hold, in effect, that the obligation of the lessor is to have and to keep his building safe for occupancy.

In Davis v. Hochfelder, cited supra, recovery was allowed to the wife of the lessee for damages caused by the negligent installation of a water heater by a prior tenant. The defect complained of was neither the result of the ruin of the building nor of a vice in original construction; nevertheless the court permitted the recovery under Civ. Code, art. 2322, because of the violation on the part of the lessor of his primary obligation to keep his building safe.

[5] The defendant also contends that, if the nail in the wall was a vice or a defect, it was a trifling and insignificant one, which should have been remedied by the lessee, at his own expense, or at the expense of the lessor. The contention is untenable. The allegations of the petition show that plaintiffs had just moved into the house the day before their child was injured, and that, until the fatal accident happened, they were unaware of the existence of the nail in an obscure corner of the dining room. Manifestly, it was impossible for the lessee to remove something of the existence of which he was unaware.

[6] It is argued on behalf of defendant that the fall of the child and not the existence of the nail was the proximate cause of the accident; that, in its play, the child would have fallen whether the nail was in the wall or not. The conclusion is then drawn from this premise that the accident from which death resulted was not brought about by the nail. The reasoning is unsound. The gravamen of plaintiffs' action is not that their child fell, but that her death was caused by the unsafe condition of the leased premises. If there had been no nail protruding from the wall, the child could have fallen all she pleased, and she would not have been injured. In Davis v. Hochfelder, supra, plaintiff's injury was caused by her voluntary act in breaking the glass panel of the bathroom door in order to rescue her minor son who had become asphyxiated by the fumes from the combustion of gases burned in the defective hot water heater. The court held that the proximate cause of plaintiff's injury was the failure of the defendant to equip the heater with a vent or pipe, and not the act of the defendant in breaking the glass panel in the bathroom door.

[7] The final contention of defendant is that it should not be held answerable in damages because the accident resulting in the death of plaintiffs' child was exceptional, unnatural, and unforeseen. The contention finds its answer in the case of Atkins v. Bush, 141 La. 180, 74 So. 897, L. R. A. 1917E, 809, wherein this court said, at page 188 (74 So. 899) of the opinion:

"The fact that the accident that happened in this case was an extraordinary one does not relieve the defendant from liability. In Payne v. Georgetown Lbr. Co., 117 La. 983, 42 So. 475, where the negligent act of a servant of the defendant caused the injury to the plaintiff, it was said to be no defense that the particular injurious consequence was unforeseen, improbable, and not to have been reasonably expected. * * *"

Our conclusion is that plaintiffs' petition sets forth a valid and legal cause of action.

For the reasons assigned, the judgments of the district court and of the Court of Appeal are set aside, the exception of no right or cause of action is overruled, and this case is remanded to the district court, to be further proceeded with according to law; all costs of appeal and of this proceeding to be borne by the defendant, all other costs to await the final disposition of the suit.

ST. PAUL and BRUNOT, JJ., dissent.
THOMPSON, J., recused.