## WILLIAMS v. WHITE AND DANZIGER

---

(January 30, 1928. Opinion and Decree.)

---

(Syllabus by the Court)

1. Louisiana Digest—Appeal—Par. 625, 628.

As only matters of fact are involved and the evidence abundantly sustains the verdict of the jury and the judgment based thereon, it is therefore affirmed.

Appeal from Civil District Court, Division "E." Hon. William H. Byrnes, Jr., Judge.

Action by Celina Williams against Lula White and George Danziger.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Joseph H. Brewer of New Orleans, attorney for plaintiff, appellee.

P. L. Fourchy, of New Orleans, attorney for defendant, appellant.

JONES, J. Plaintiff, a sub-lessee, brought suit against Lulu White, owner of premises, and George Danziger, lessee, in solido, for damages in the sum of twenty-five hundred ($2500.00) dollars, alleging that the fall of the plaster which injured her was due to latent defects in the building, unknown to her when she occupied the room in question.

Various exceptions having been properly overruled, defendants filed answer admitting ownership of defendant White, but denying all of the allegations.

The cause was tried before the Hon. Wm. H. Byrnes, Jr., Judge of Division "E", and a jury. A verdict was rendered in favor of the defendant, George Danziger, dismissing the suit, and in favor of the plaintiff and against the defendant, Lula White, for the sum of four hundred ($400.00) dollars, interest and costs.

A judgment in accordance with the verdict was rendered below.

On trial of the case, it was shown that George Danziger was the agent for his brother, Alfred Danziger, who was the lessee. Accordingly, suit against George Danziger was properly dismissed.

As the defendant, Lula White, admitted ownership of the premises and as the sub-tenancy of plaintiff, the bad condition of the premises prior to the accident to the knowledge of the tenant, the fall of the plaster from an unknown defect; and physical injury to plaintiff (more or less serious) directly caused thereby are overwhelmingly proved by the record, on the question of owner's liability, we concur in and hereby approve the judgment below on the authority of the following recent Supreme decisions:

Allain vs. Frigola, 140 La. 982, 74 South. 404.

Lasyone et ux vs. Zenoria Lumber Co., 163 La. 185, 111 So. 670.

Klein vs. Young, 163, p. 59, 111 So. 495.

In the last case cited the facts were exactly similar to those at present under consideration.

There a roomer in a house, which had been leased by the owner to a third party, was injured by the fall of some back steps due to latent decay, and the Supreme Court on writ of review reversed this Court and held the owner liable in damages.

The case of Pecoraro vs. Grover, 5 La. App. 676, cited by defendant, is not in point, because in that case the lessee herself was injured and this Court held that she was bound by her covenant in the lease to the effect that the lessor would not be responsible for any defects of the leased property, except in case of positive neglect on his part to have repairs within a reasonable time after notice.

As the record shows that plaintiff, who was confined to her room for two weeks by the bruises and shock incident to the impact of the plaster, has received no permanent injury and that she was able to go to her physician's office at the end of two weeks, we think the judgment below does substantial justice as to quantum.

The judgment is, therefore, affirmed.