THOMPSON v. MORAN ET AL.

(March 21, 1932. Opinion and Decree.)

Normann, McMahon & Breckwoldt, of New Orleans, attorneys for plaintiff, appellant.

Sam J. Tennant, Jr., of New Orleans, attorney for defendants, appellees.

HIGGINS, J. Plaintiff brought this action claiming damages for loss of wages, medical expenses, and personal injuries alleged to have been sustained as a result of vices and defects in the premises which she leased from defendant. The petition alleges that on May 22, 1930, while going from her room on the second floor to a lavatory situated in the rear on the same floor, plaintiff's right leg went through the flooring of the gallery due to its rotten and decayed condition, causing the injuries complained of.

The defendants admit that the plaintiff was a tenant in the building, but denied that she was injured as alleged, and averred that, if she were injured, she had not sustained the injuries while on the leased premises; and, in the alternative, in the event that she was injured as she claims, she was guilty of contributory negligence in going upon the gallery after having been warned that it was in a dangerous condition and not safe to use.

There was judgment in favor of defendants dismissing the suit, and plaintiff has appealed.

The record shows that plaintiff had been occupying a room in defendants' premises, paying a rental of $1 per week; that her room was on the second floor of the building; that in order to go to the lavatory it was necessary to use a side porch; that prior to May 22, 1930, the day of the accident, defendants had discovered the hole in the gallery floor, and had given their representative money to make the necessary repairs; that the representative placed over the hole a marble slab measuring 12" x 18"; that plaintiff, in going to get a pitcher of water, was compelled to use the gallery, and, while walking on it, her right leg, up to her knee, went through one of the boards due to its decayed and rotten condition, causing her to fall backwards; that she was assisted into the house and the Charity Hospital ambulance summoned; and that she was taken to the hospital, where her injuries were administered to and then brought home by her sister in a taxicab.

The law is well settled that a landlord is responsible for injuries sustained by his

tenant because of vices or defects in the premises, whether or not he had actual knowledge of the damaged condition of the premises. R. C. C. arts. 670, 2315, 2322, 2693-2695; Klein v. Young, 163 La. 59, 111 So. 495; Lasyone v. Zenoria Lumber Co., 163 La. 185, 111 So. 670; Ciaccio v. Carbajal, 142 La. 125, 76 So. 583; Boutte v. N. O. Terminal Co., 139 La. 945, 72 So. 513; Schoppel v. Daly, 112 La. 201, 36 So. 322; Glain v. Sparandeo, 119 La. 339, 44 So. 120.

It is also clear that the law places the burden of proving the case by a preponderance of the evidence upon the plaintiff in such matters. From the testimony of plaintiff, her sister, and defendants' witnesses and the photographs offered in evidence, it is conclusively shown that the flooring of the gallery was in a decayed and unsafe condition. In fact, defendants admit that they were apprised of the hole in the flooring and had authorized its repair, but, for more than a week after their instructions had been given, their representative had neglected to repair it. We have no difficulty in coming to the conclusion that the gallery was in an unsafe and defective condition.

The next question is: Did the plaintiff's leg go through the flooring? She is the only witness who testified to that effect, but her evidence is corroborated by her sister, who also testified in her behalf and by the policeman who testified as a witness for defendants. These two witnesses state that they came to the scene of the accident immediately after it happened, and found the floor broken and that plaintiff was there complaining of being injured and in pain. Furthermore, the Charity Hospital ambulance had been summoned by the policeman and plaintiff placed in it and taken to the hospital, where she was treated and bandaged. Taking these circumstances into consideration, particularly in view of the fact that defendants offered no evidence to contradict or impeach the plaintiff's testimony, we find that she did injure herself as the result of her right leg going through the flooring of the gallery.

But it is said that plaintiff was guilty of contributory negligence in going upon the gallery after having been warned of its dangerous condition. It is not easy to understand defendants' position on this score, because they and their representative testified that the gallery was in good condition except for the place where the marble slab was placed over the hole. Defendants do not contend that she was told not to use the gallery at all, but to be careful. If the gallery was in such a dangerous condition so that it would not bear the plaintiff's weight, an adequate guard or barrier should have been placed across the gallery so no one could use it. The placing of the marble slab over the hole was an inadequate guard, and showed that defendants believed that the gallery was safe for use by the tenants. The plaintiff was compelled to use the gallery to go to the lavatory. In the case of Landry v. Monteleone, 150 La. 546, 90 So. 919, 920, the Supreme Court said:

"There is no merit in the contention that plaintiff was guilty of contributory negligence. It is true, she knew that the floor was in bad condition, but she was not obliged to have its strength tested before she ventured to walk upon it. Wise v. Lavigne, 138 La. 219, 70 So. 104; Boutte v. New Orleans Terminal Co., 139 La. 945, 72 So. 513."

We find that the plea of contributory negligence is without merit.

As to the quantum, it appears that plaintiff was painfully, but in no manner permanently or seriously injured. Her doctor saw her several times, and rendered a bill for $20. At the time the ambulance came to the house, the doctor, after examining her, said she was able to walk to the ambulance, but, upon her protest, permitted some of her friends to assist her. We are convinced that the contusions, bruises, and cuts on her right leg below her knee were caused by her fall, but find that plaintiff had failed to prove causal connection between the accident and the alleged swelling and tenderness in the pelvic region, incontinence of the urine, and uterine hemorrhages.

In the case of Brown v. Losch, 8 La. App. 278, where a woman weighing 210 pounds fell through the decayed flooring of the gallery—a case very similar to the instant one—the court reduced the judgment of the district court from $300 to $150. We have concluded to allow plaintiff the sum of $150 for pain and suffering, $42 for loss of earnings covering a period of seven weeks at $6 per week, and $20 medical fees.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the plaintiff, Carrie Thompson, and against the defendants, Miss Cora Moran, Miss May C. Moran, Miss Clara C. Moran, and Frank C. Moran, in solido, in the full sum of $212, with legal interest from judicial demand until paid and all costs.