This is an appeal from a judgment maintaining an exception of no cause of action. The petition alleges that on October 18th, 1941, the plaintiff, Verbena Wilcox, while a tenant of the premises No. 1706 S. Rampart Street belonging to the defendant Julius Lehman, slipped and fell on the pavement in the rear yard of the leased premises causing injuries, for which she claims the sum of $3,064 as damages; that her fall was *Page 642 
due to the fact that the pavement of the rear yard was covered with a green slime caused by water constantly dripping from a broken or defective faucet in the yard and the absence of proper drains or gutters to carry away the accumulated water; that "there is no way to walk in said yard without having to tread upon said scum and slime * * *; that the said yard was so slippery that she and the other persons occupying the premises, could not safely use same".
The exception of no cause of action was addressed to the allegations of plaintiff's petition which we have quoted which, it is claimed, amounted to a statement of her own contributory negligence in that she alleges that she knew the faucet was leaking and the slime accumulating and, nevertheless, she attempted to walk on it.
No plea of contributory negligence was filed, but we agree with counsel that none was necessary since the question can as well be raised by exception of no cause of action when it is based solely upon the allegations of the petition. In fact the latter course would seem to be preferable. Louisiana Power Light Company v. Saia, 188 La. 358, 177 So. 238.
It is said that it was the duty of the plaintiff to repair the faucet under the plain provisions of Article 2716 of the Revised Civil Code, which reads as follows:
"The repairs, which must be made at the expense of the tenant, are those which, during the lease, it becomes necessary to make:
"To the hearth, to the back of chimneys and chimney casing.
"To the plastering of the lower part of interior walls.
"To the pavement of rooms, when it is but partially broken, but not when it is in a state of decay.
"For replacing window glass, when broken accidentally, but not when broken either in whole or in their greatest part by a hail storm or by any other inevitable accident.
"To windows, shutters, partitions, shop windows, locks and hinges, and everything of that kind, according to the custom of the place."
The concluding clause of this article is relied upon as including inferentially repairs to the faucet in the yard and "all incidental repairs".
The case of Brodtman et al. v. Finerty, 116 La. 1103, 41 So. 329, is cited. In the Finerty case the wife of the tenant was injured when a shutter fell and the Court held that there could be no recovery because it was the duty of the tenant to repair the shutter, but this is not a case involving a shutter or anything of that kind and we do not believe the tenant is under any obligation to repair the water faucet in the rear yard of the premises, especially a community yard, such as this evidently was in view of the allegations contained in plaintiff's petition to the effect that the "yard was so slippery that she and the other persons occupying the premises, could not safely use same".
The facts of this case are very similar and it is indistinguishable in principle from that considered by us in Estes v. Aetna Casualty Surety Co., 157 So. 395, 401. There a tenant was injured by slipping on a brick pavement in the rear or court yard of the leased premises due to the fact that there was a defective drain which caused a growth of fungus and an accumulation of mud. The defenses there urged were: First, that the yard of the leased premises constituted no part of the rooms rented to the plaintiff and that, therefore, the defendant was under no duty or responsibility with respect to the yard; Second, plaintiff's knowledge, actual or constructive of the defective pavement; and Third, the tenant's ability to make the repairs. In an elaborate opinion by Judge Janvier we discussed very thoroughly each of these defenses and held that they were without merit. In speaking of the question of contributory negligence based upon the knowledge of the defective condition of the yard, we held this defense to be unsound and quoted the following from Ruling Case Law, Vol. 16, § 568, p. 104:
"It is generally held that the mere fact that a tenant is aware of the defective condition of a portion of the premises which it is the duty of the landlord to repair does not as a matter of law make it contributory negligence to continue the use of the same, if it reasonably appears that he might safely do so with the exercise of care".
The contention was made in the Estes case that since there was a safe passageway in the front of the leased premises, it was plaintiff's duty to use the front entrance and abandon the dangerous rear yard. We said:
"That Estes was using the rear entrance instead of the front entrance does not require *Page 643 
us to deprive him of his right to recover, if it otherwise exists.
"In the first place, as a matter of law, there was no reason for him to abandon the use of the rear passageway merely because he knew that it was more dangerous, unless the condition was so obviously dangerous as to impress the reasonably prudent person with the fact that its use would probably result in injury. There can be no doubt that the passageway was used by all other persons, and that no one had, up to that time, been injured. Estes and his wife passed over that spot several times each day and very evidently, on ordinary occasions it could be safely traversed by any one exercising reasonable care. In Ruling Case Law, Permanent Supplement, vol. 6, § 568, p. 4184, we find the following:
"`The law will not compel a tenant to abandon use of the front entrance to his tenement merely because he knows that it is unsafe and a back entrance is available.
"`A tenant occupying a room on the second floor of a building is not negligent as a matter of law in attempting to use a stairway to reach his room, which he knows to be old and dilapidated, in preference to a safer one which has been provided for him.
"`Mere continued use by a tenant of common passageways after knowledge of their dangerous condition is not of itself conclusive evidence of lack of due care on his part.
"`A tenant may in the exercise of care, to be determined in view of the extent and nature of the danger, continue to use a common stairway known by him to be unsafe, which is necessary for convenient access to his tenement.
"`Knowledge by a tenant of a building of the defective condition of steps used by the tenants in common does not bar his right to recover for personal injuries caused by the defective condition'".
Although the plaintiff alleges that none of the occupants of the leased premises could walk over the yard with safety, it may be that she only means to say that it was dangerous to do so. How dangerous we do not know. Of course, any dangerous pavement is unsafe, but the mere fact that it was unsafe will not suffice to support the conclusion that plaintiff was contributorily negligent in using it. The case should be tried on its merits, consequently and
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that the exception of no cause of action be and it is overruled, and that this cause be remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed. Costs of this appeal to be paid by defendant. All other costs to await final determination of the case.
Reversed and remanded.