McCALEB, Justice.
 

 Plaintiff seeks recovery of damages for the personal injuries she sustained on February 13, 1959 when she slipped and fell on
 
 *702
 
 the floor of the premises of Ellen’s Beauty Shop, where she is employed as a maid by Ellen Steward, who operates the shop in Shreveport, Louisiana, under lease from the owner of the building, Frank Graham. The suit is directed against Lumbermens Mutual Casualty Company,
 
 [1]
 
 the insurance carrier of Frank Graham, liability being asserted under Articles 670 and 2322 of the Civil Code which render the owner of a building responsible ex delicto for the damages caused by vices of original construction or because of his failure to keep his building in repair.
 

 The petition alleges that plaintiff’s duties at the beauty shop consisted of sweeping and cleaning the premises and shampooing the hair of customers; that her fall occurred while she was sweeping and mopping the floors of the shop, which invariably became wet and slippery during damp weather as a result of the excessive “sweating” of the materials composing the walls and floors, and that this condition emanated from defects in the original construction of the building and from the negligence of the owner in allowing the premises to deteriorate and remain in a state of disrepair.
 

 Defendant filed an exception of no cause of action to the petition, which was predicated mainly on the ground that plaintiff’s allegations affirmatively exhibited that she was contributorily negligent in attempting to walk on the wet floor and that this negligence was the proximate cause of the accident. This exception was maintained by the trial judge and the suit dismissed. On appeal, the judgment was affirmed. The Court of Appeal found that, since plaintiff’s allegations showed that she was well aware of the defective condition of the premises, because it was her duty to remove by cleaning and mopping the water which regularly accumulated on the floor during damp weather, she must be held to have walked on the floor at her peril; that it was negligence for her so to do and that this negligence is to be regarded as the proximate cause of the accident. See Gilliam v. Lumbermens Mutual Casualty Co., La.App., 119 So.2d 657. On plaintiff’s application we granted certiorari.
 

 In Louisiana, as elsewhere, contributory negligence is a defense which bars recovery in cases arising ex delicto but it must be specially pleaded by the defendant in his answer in order to be considered' and need not be negatived in the petition. Guillory v. Horecky, 185 La. 21, 168 So. 481; Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717 and cases there cited. Nevertheless, there is a well--
 

 
 *704
 
 recognized exception to this rule which pertains only in cases where the affirmative allegations of the petition conclusively show that the plaintiff, as well as the defendant, was at fault and that plaintiff’s negligence was a contributing cause of the accident, which would not have occurred but for such negligence. In these matters, the issue of contributory negligence may be raised by way of peremptory plea or exception of no cause of action addressed to plaintiff’s petition. See Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238 and cases there cited. However, in order for a suit to be dismissed on an exception, it must appear not only that the negligence of plaintiff has been affirmatively alleged but also that the recitals of the petition are such as to exclude every reasonable hypothesis other than that such negligence was the proximate cause of the accident. Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239. See also Gibbs v. Illinois Cent. R. Co., 169 La. 450, 125 So. 445 and West v. Ray, 210 La. 25, 26 So.2d 221.
 

 In our opinion, the allegations of plaintiff’s petition are not such as to warrant the dismissal of her suit on an exception of no cause of action. The averments respecting the wet condition of the floors in damp weather, due to the “sweating” of the walls and floors (allegedly attributable to defective construction), do not furnish a sound predicate for the conclusion of the Court of Appeal that the floors were either so imminently dangerous that they could not be safely traversed with the exercise of ordinary care or that the plaintiff otherwise knew that the floors were too slippery for use. On the contrary, a careful appraisal of the allegations of plaintiff’s petition shows that she simply states that the constant accumulation of water on the floors in damp weather rendered it necessary for her to mop and dry them frequently so that the customers of the beauty shop, who apparently were without knowledge of this condition, would not slip or fall. But nowhere does plaintiff allege that she was aware that there was imminent danger in walking over the floors if care was exercised, nor does she say or intimate that she was inattentive at the time of the accident.
 

 It has long been the jurisprudence that knowledge alone on the part of the injured party that the premises were in a defective condition will not defeat an action for damages against his landlord or the owner of the premises. Wise v. Lavigne, 138 La. 218, 70 So. 103; Boutte v. New Orleans Terminal Co., 139 La. 945, 72 So. 513 and Landry v. Monteleone, 150 La. 546, 90 So. 919. Obviously, the sustaining of injury as the result of a known defect is not conclusive proof of contributory negligence; such negligence cannot be presumed for the burden always rests on
 
 *706
 
 the defendant to establish it. Accordingly, where the defendant, as here, claims that the plaintiff has established it for him by the allegations of the petition, it must clearly appear that the defect was so dangerous that the premises could not be used even with the exercise of ordinary care, and that the plaintiff was fully aware that such was the case. As stated above, we do not think that the petition in this case comes within that category. See Wilcox v. Lehman, La.App., 12 So.2d 641, citing Estes v. Aetna Casualty & Surety Co., La.App., 157 So. 395.
 
 [2]
 

 Counsel for defendant also contends under the exception of no cause of action that the defendant’s insured is not liable under the provisions of the lease
 
 [3]
 
 (which was attached to the petition) and under R.S. 9 :3221
 
 [4]
 
 for injuries sustained on the premises by the lessee or one deriving his right to be thereon from the lessee.
 

 We find no merit in this proposition. Prior to the enactment of Act 174 of 1932, now R.S. 9:3221, it was well settled that an invitee or licensee of a tenant, sustaining injuries due to defects in the premises, could not be bound by provisions of a lease contract between the owner and the tenant providing for the exclusive responsibility of the latter for such vices and defects—for it is fundamental that the owner of a building cannot, by contract, escape his liability ex delicto under Articles 670, 2315 and 2322 of the Civil Code for damages to third persons for injuries sustained by reason of the owner’s neglect to keep the building in repair or by reason of defects or original construction. Klein v. Young, 163 La. 59, 111 So. 495.
 

 Act 174 of 1932, which was passed subsequent to the decision in the Klein case, was undoubtedly designed to relieve the owner of some of the burdens
 
 *708
 
 imposed on him by law in cases where he has given dominion or control of his premises to a tenant under a lease, for the Act permits the owner to transfer his legal liability by contract to his lessee insofar as it may pertain to injuries received by third persons who come on the property by license or invitation of the lessee. See Terrenova v. Feldner, La.App., 28 So.2d 287. But this statutory grant to the owner is not absolute. Indeed, the statute expressly limits his contractual right to be absolved to those cases in which he was not aware of the defect causing the injury or was unable to know of it. Mitchal v. Armstrong, La.App., 13 So.2d 506. Since plaintiff alleges in her petition that Graham knew of the defect in the premises, the contract of lease cannot shield him from responsibility to plaintiff, if this allegation be true, and it must be admitted as true on consideration of an exception of no cause of action.
 

 The judgments of the district court and the Court of Appeal are therefore reversed; the exception of no right or cause of action is overruled and it is now ordered that the case be remanded to the district court for further proceedings in accordance with law and consistent with the views herein expressed. The costs in 'the Court of Appeal and this Court are to be paid by defendant; taxation of other costs is to be deferred until final determination of the cause.
 

 TURNER, J., recused.
 

 [1]
 

 . Originally Traders & General Insurance Company, which issued a policy insuring the lessee, was also joined as a party defendant. However, plaintiff voluntarily non-suited her case as to that insurance company after it had filed an exception of no cause of action to her petition.
 

 [2]
 

 . The case of Redd v. Sokoloski, La.App., 2 So.2d 266, cited by the Court of Appeal in its opinion, is inapplicable here. The holding there that the deceased was guilty of contributory negligence was reached only after a trial on the merits (and not on an exception) it being shown that the decedent, who weighed over 200 pounds, fell through a defective floor containing jagged and decayed planks which wore easily observable as they were located near a hole in the porch previously created (as decedent knew) by the fall of his two-year old grandson through the defective floor.
 

 [3]
 

 . The particular paragraph referred to by counsel reads: “Lessee assumes all liability and binds herself to hold Lessor harmless from any injury or damage to any person or property upon the leased premises or adjacent thereto caused by reason of said Lessee’s failure to keep same in good condition or repair and agrees to hold Lessor harmless from any such claim or damage.”
 

 [4]
 

 .Act 174 of 1932, now R.S. 9:3221, reads: “The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.”