175 So.2d 304 (1965)
Richard and Eula Lee TURNER, Plaintiffs-Appellees,
v.
The AETNA CASUALTY AND SURETY COMPANY, Defendant-Appellant.
No. 10333.
Court of Appeal of Louisiana, Second Circuit.
January 26, 1965.
On Rehearing April 28, 1965.
Rehearing Denied May 21, 1965.
Writ Refused June 28, 1965.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellant.
Bullock & Bullock, Shreveport, for appellees.
Before GLADNEY, AYRES, and BOLIN, JJ.
AYRES, Judge.
This is an action in tort wherein plaintiffs, husband and wife, seek to recover, of their lessor's insurer, damages for personal injuries sustained by the wife and reimbursement of medical expenses incurred by the husband in the treatment of the wife's injuries, as well as for the loss of her wages. The action arose from an accident of October 5, 1962, allegedly caused by a defective condition of the leased premises. *305 The defense is that, as to the occurrence of the accident, plaintiff Eula Lee Turner was guilty of negligence constituting the proximate cause thereof or, in the alternative, contributing to its occurrence.
There was judgment in favor of plaintiff Eula Lee Turner in the principal sum of $3,000.00 and in favor of plaintiff Richard Turner in the principal sum of $374.34. From this judgment defendant appealed. Plaintiff Eula Lee Turner answered the appeal and prayed for an increase in the award.
Plaintiffs' action is predicated upon the provisions of LSA-C.C. Arts. 2322 and 2695. The first of these articles provides:
"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction,"
and the second:
"The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnity him for the same."
In accord with the aforesaid statutory provisions, the jurisprudence is well settled that a landlord is responsible for injuries sustained by his tenant because of vices or defects in the leased premises, whether or not he had actual knowledge of the damaged condition of the premises. Lasyone v. Zenoria Lumber Co., 163 La. 185, 111 So. 670 (1927); Ciaccio v. Carbajal, 142 La. 125, 76 So. 583 (1917); Boutte v. New Orleans Terminal Co., 139 La. 945, 72 So. 513 (1916); Sabin v. C & L Development Corporation, 141 So.2d 482, La.App., 1st Cir. 1962; Thompson v. Moran, 19 La.App. 343, 140 So. 291, 1932.
No controversy exists as to the condition of the back porch of the second-story apartment where plaintiff Eula Lee Turner is alleged to have been injured. Access from the back yard to this porch, which is 4½ feet wide by 7¼ feet long and 8 feet high, is by means of wooden steps, or stairs. The porch floor to one side at the head of the stairs contained a hole approximately 18 inches wide by 24 inches long. Surrounding the hole, the floor was rotten and the planks jagged at their broken ends. Between the outer wall of the apartment and the hole in the floor was a pathway approximately 24 inches wide, of unbroken flooring, leading from the stairs to the rear entrance to the apartment. That the porch floor was in a dilapidated condition and in a very poor state of repair was established beyond question. This fact does not appear to be disputed. In fact, at the time the premises were rented, lessor's agent was engaged in making repairs, the completion of which was delayed because of his illness and hospital confinement. Thus, from a review of the record, the conclusion is inescapable that the lessor was negligent in his failure to properly maintain the leased premises.
We may observe, however, that, as to the defense urged here, negligence of a defendant is of no importance if plaintiff is guilty of contributory negligence constituting a proximate cause of the accident. Denton v. Fireman's Fund Insurance Company, 158 So.2d 438, 441-442, La.App., 2d Cir. 1963.
A resume of the facts relating to the occurrence of the accident is deemed a prerequisite to an understanding of the issues presented for determination. On the occasion, plaintiff Eula Lee Turner was completing the family wash. She took from the washer, located in the kitchen, three pairs of blue jeans and proceeded through *306 the rear door and onto the porch with the clothes in her hands. Her intention was to descend the stairs and hang the clothes on a line in the back yard to dry. In crossing the porch, she followed the narrow pathway heretofore described and deemed by her to have been safe. She had made use of this pathway at least once a week for a period of time exceeding six months while she and her husband occupied the premises. Nevertheless, in crossing the porch, she stepped on the edge of a plank from which her foot slipped into the hole and came to rest upon the ceiling of the lower apartment, which ceiling was nailed underneath the floor joists of the porch of her apartment. After balancing herself, plaintiff Eula Lee Turner, in stepping out of the hole, stepped backward on the second plank from the hole. The plank broke under her weight of 89 pounds and, as a result of which, she complained her back was wrenched and twisted.
The important question for resolution relates to the alleged contributory negligence of plaintiff Eula Lee Turner. Defendant contends that she was guilty of such negligence at the time of and immediately preceding the accident in that she was not looking where she was stepping. In this regard, we may point out that the fact she was not looking at the time her foot slipped into the hole was established by plaintiff's own testimony.
The principle is well established that one must see those defects in his pathway which are obvious or which may be discovered by a reasonably prudent person in the exercise of ordinary care. White v. City of Alexandria, 216 La. 308, 43 So.2d 618 (1949); Youngblood v. Newspaper Production Company, 158 So.2d 432, La.App., 2d Cir. 1963 (writ refused); Birth v. City of New Orleans, 77 So.2d 233, La.App., Orleans 1955; Hamilton v. City of Monroe, 72 So.2d 576, La.App., 2d Cir.1954; Massicot v. City of New Orleans, 43 So.2d 621, La.App., Orleans 1950.
A further question arises as to whether the aforesaid rule of law is applicable to the facts of the instant case. While plaintiffs, it must be conceded, had knowledge of the general condition of the porch, the record does not establish that the defects were so dangerous that the premises could not be used with the exercise of ordinary care, or that plaintiff Eula Lee Turner was fully aware that such was the case. In this connection, the trial court correctly pointed out that, although it was obvious from the hole in the floor that the back porch was dangerous, the fact that lessor's agent had made use of the porch, bringing in materials to repair the apartment, was an indication that it could be used in safety by the exercise of ordinary care. Moreover, the testimony establishes that the plank upon which plaintiff stepped was not obviously in such condition that it could be expected to break and fall through if she stepped upon it.
Appropriate to the facts of this case, as hereinabove detailed, is an observation of the Supreme Court in Gilliam v. Lumbermens Mutual Casualty Company, 240 La. 697, 124 So.2d 913, 915-916 (1960), wherein it was stated:
"It has long been the jurisprudence that knowledge alone on the part of the injured party that the premises were in a defective condition will not defeat an action for damages against his landlord or the owner of the premises. Wise v. Lavigne, 138 La. 218, 70 So. 103; Boutte v. New Orleans Terminal Co., 139 La. 945, 72 So. 513 and Landry v. Monteleone, 150 La. 546, 90 So. 919. Obviously, the sustaining of injury as the result of a known defect is not conclusive proof of contributory negligence; such negligence cannot be presumed for the burden always rests on the defendant to establish it. * * * it must clearly appear that the defect was so dangerous that the premises could not be used even with the exercise of ordinary *307 care, and that the plaintiff was fully aware that such was the case. * * * See Wilcox v. Lehman, La.App., 12 So.2d 641, citing Estes v. Aetna Casualty & Surety Co., La.App., 157 So. 395."
See, also: Thompson v. Moran, supra.
Concerned in Boutte v. New Orleans Terminal Co., supra, was the fact that plaintiff's mother was killed by the collapse of a part of the balcony of a house which she occupied as lessee of the defendant. The action for damages was brought under the provisions of the Civil Code, to which we have referred, to the effect that the owner of a building is answerable for whatever damage results from his neglect to keep the building in repair. One of the defenses urged was that the mother was contributorily negligent in going upon the gallery which she knew was in a dilapidated condition. In rejecting this defense, the court stated:
"To assume that the lessee, in this case, knew that the balcony was so rotten that it could not withstand her weight would be to assume that she committed suicide. All that could be assumed in that respect would be that she knew or ought to have known that the balcony was unsafe. The evidence, however, does not justify our concluding that the danger was so apparent as to do away with the provisions of article 2695 of the Civil Code, whereby the lessor was bound to guarantee the lessee against all vices and defects in the leased premises and to indemnify her for any loss resulting therefrom."
See, also: Labat v. Gaerthner Realty Co., 146 So. 69, La.App., Orleans 1933.
In an action by a tenant to recover from a landlord damages for personal injuries sustained by a fall through the flooring of a gallery on the second story of a leased premisethe defendant denying liability and pleading contributory negligence on the part of plaintiff, charging, specifically, that plaintiff had been warned not to use the gallery, but, in disobedience of this admonition, she had nevertheless done sothe court, in Divas v. Noto, 17 La.App. 177, 134 So. 275, 1931, held that, although the tenant knew the gallery was in a rotten condition, she was not guilty of contributory negligence in going upon a part thereof which she considered safe.
Also applicable to the facts of the instant case is an observation of the court in Landry v. Monteleone, 150 La. 546, 90 So. 919, 920 (1922), wherein it was stated:
"There is no merit in the contention that plaintiff was guilty of contributory negligence. It is true, she knew that the floor was in bad condition, but she was not obliged to have its strength tested before she ventured to walk upon it. Wise v. Lavigne, 138 La. 219, 70 South. 104; Boutte v. New Orleans Terminal Co., 139 La. 945, 72 South. 513."
While plaintiff Eula Lee Turner knew generally the defective condition of the porch, it appears reasonable, and we so conclude, that she might have used it with the exercise of reasonable care, and that such use does not constitute contributory negligence.
Defendant nevertheless contends that plaintiff's act of negligence in stepping into the hole in the floor was a cause in fact of her stepping on the plank which broke under her weight, and that, therefore, stepping into the hole constituted a substantial factor in bringing on the harm of which she complains. The two actsfirst, stepping into the hole, after which she regained her balance, and subsequently stepping backward on the plank which gave wayconstitute separate and distinct acts. That plaintiff sustained injuries solely because of the second of these acts, when the plank broke and her foot slipped through to the ceiling below, is uncontroverted in the record. As heretofore observed, the result of this second act was that plaintiff's body was wrenched and *308 twisted. Nevertheless, if it could be said that there was any substantial connection between plaintiff's action in stepping into the hole in the floor of the porch and her injuries, it could only be concluded that such action was a mere remote cause, and that the breaking of the plank was the direct and proximate cause of the accident.
Finally for consideration is the question of an award of damages to compensate plaintiff Eula Lee Turner for the injuries sustained by reason of the accident. The medical evidence consists of the testimony and reports of Dr. T. M. Oxford, an orthopedist, who examined plaintiff on three separate occasions, namely: March 11, 1963, June 4, 1963, and March 4, 1964. From these examinations and x-rays made during the course thereof, plaintiff was shown to have sustained a low back injury, a defect in the pars interarticularis, between the fourth and fifth lumbar vertebrae, described as a part of the bone between the articular facets of the vertebrae, commonly, in laymen's language, referred to as "spurs," the use of which is stabilization of the back and without which the vertebrae slip forward. These pars interarticularis were found to have been broken off and entirely separated from the vertebrae. Injuries of this kind were said to be very painful and permanent without a resort to surgery to fuse the vertebrae together. Some relief, it was expressed, could possibly be obtained through the use of a brace which, however, would have to be worn during the remainder of one's life.
At the time of the accident plaintiff Eula Lee Turner, 42 years of age, was employed as a cook at a local hotel. She lost 28 days from work because of her injuries, but thereafter resumed her employment. She is, however, handicapped in the performance of her duties because of limitation in lifting and stooping. Her complaints of constant pain were shown to be consistent with the injuries sustained.
We have reviewed the authorities cited by plaintiff on the question of quantum and fail to find manifest error in the award. No serious question has arisen as to the award in favor of plaintiff Richard Turner.
For the reasons assigned, the judgment appealed is affirmed at defendant-appellant's cost.
Affirmed.

On Rehearing
BOLIN, Judge.
In our original opinion we in effect held Eula Lee Turner, by her own admission, was negligent in not looking and permitting herself to slip or step into a hole which she knew was on the porch.
Upon re-examination of the case we agree in substance with our findings and statements of law from the beginning of our opinion to the following portion thereof:
"* * * The two actsfirst, stepping into the hole, after which she regained her balance, and subsequently stepping backward on the plank which gave wayconstitute separate and distinct acts. That plaintiff sustained injuries solely because of the second of these acts, when the plank broke and her foot slipped through to the ceiling below, is uncontroverted in the record. As heretofore observed, the result of this second act was that plaintiff's body was wrenched and twisted. Nevertheless, if it could be said that there was any substantial connection between plaintiff's action in stepping into the hole in the floor of the porch and her injuries, it could only be concluded that such action was a mere remote cause, and that the breaking of the plank was the direct and proximate cause of the accident."
We are now convinced and so hold that the above finding is erroneous.
*309 From the photographs filed in evidence it is readily discernible that in reality the decayed and jagged condition of the boards immediately surrounding the point where Eula Lee Turner stepped into the hole in the porch was little different from that of the plank which gave way when she stepped "back in an effort to regain her balance.
It would be unrealistic to hold that the act of Eula Lee Turner in stepping in the apparent and obvious hole in the floor was not the proximate cause of the accident. The stepping or slipping into the hole caused her to lose her balance and begin to fall, culminating in her shifting her weight upon an adjoining board of the porch which gave way causing the injury. What occurred to Eula Lee Turner was one continuous chain of events. We hold Eula Lee Turner was guilty of negligence which was a contributing cause of the accident.
For the reasons assigned the special plea of contributory negligence is sustained, the judgment appealed from is reversed and set aside and plaintiffs' suit dismissed at their cost.
Reversed and rendered.