CULPEPPER, Judge.
Plaintiff, Adam Willis, sues defendant insurer for damages, to his pickup truck. At the time of the accident the damaged truck was being pushed by another pickup truck also owned by plaintiff, insured by defendant, and being driven at the time by one of plaintiff’s employees, Noah Willis,, the omnibus insured. The district judge dismissed plaintiff’s suit and he now appeals.
There is no dispute as to the facts. The evidence shows that on January 3, 1965, Adam Willis was driving his GMC pickup, truck along a street in Oakdale, Louisiana,, when the motor died. He walked about 2 blocks to the home of a relative and telephoned the service station which he, Adam Willis, operated, leaving word for his employee, Noah Willis, to come and push the stalled truck.
After completing this telephone call,, plaintiff’s relative offered him a ride bade to the stalled truck, since the weather was. rainy and cold. It took a few minutes for the relative to dress and by the time they reached the scene they saw, to their surprise, that Noah Willis had already arrived and was pushing the driverless truck along the street. After going a distance of about 50 yards it ran off the street and into a. tree, causing the damages which are the-subject of this suit.
Under these facts, it is clear, as the trial court held, that Noah Willis was guilty of negligence causally related to the accident. He certainly should have checked to see-that someone was in the stalled vehicle before he started pushing.
The issues on appeal are (1) whether the negligence of the employee, Noah Willis, is imputed to his employer, Adam Willis, so-as to bar Adam’s recovery from defendant insurer, and (2) whether any independent causally related contributory negligence on¡ *914 the part of Adam Willis must be specially-pleaded in defendant’s answer.
As to the first issue, the law is ■clear. Of course, where a third party sues the employer under the doctrine of re-spondeat superior, the negligence of the employee is imputed to the employer. But where, as here, the employer sues his own •employee for damages caused by the employee’s negligence, such negligence is not imputed to the employer and cannot be urged as a defense by the employee or his insurer. LSA-C.C. Articles 3003, 2315, 2316; Grimes v. American Motorists Insurance Company, 145 So.2d 62 (La.App. 1st Cir. 1962); Hardtner v. Aetna Casualty & Surety Co., 189 So. 365 (La.App. 2nd Cir. 1939).
The second issue in this case results from the failure of the defendant insurer to specially plead independent contributory negligence on the part of Adam Willis. Contributory negligence is an affirmative defense which must be specially pleaded in defendant’s answer. LSA-C.C.P. Articles 1005-1006; Carr v. Williams, La.App., 145 So.2d 611; Maggio v. State Farm Mutual Automobile Insurance Company, La.App., 123 So.2d 901. An exception to this rule is that the issue of contributory negligence may be raised by way of the peremptory exception of no cause of action, Gilliam v. Lumbermens Mutual Casualty Company, 240 La. 697, 124 So.2d 913, but the present case does not involve an exception of no cause of action.
The defendant argues, and the trial court held, that even though the answer does not specially plead contributory negligence, such a defense may be urged here because of the following rule, which the district judge stated to be the law, but with which we disagree:
“Before the employer can maintain an action against his employee for damages which he has suffered as a result of the negligent acts of the employee, he must show his own freedom from independent negligence which was causally related to the injuries. Costa v. Yochim, 104 La. 170, 28 So. 992 at 993: and Hardtner v. Aetna Casualty and Surety Company, 189 So. 365.”
Applying this erroneous statement of the law to the present case the lower court reasoned that since the plaintiff had the burden of showing his own freedom from independent negligence, such negligence could be urged as a bar to plaintiff’s recovery. The court then proceeded to find that the plaintiff, Adam Willis, was guilty of independent negligence in leaving his truck on the traveled portion of a street in Oak-dale, unattended, and knowing that his employee, Noah Willis, might come and push it away without a driver. .
The Costa case and the Hardtner case, cited by the district judge, and relied on by the defendant in this court, are not authority for the rule quoted above. In the Costa case, Costa’s employee, ^ochim, was driving a wagon and caused the death of a mare belonging to Bassich. In a prior suit Bassich recovered the value of his mare from Costa, on the basis of the imputed negligence of Costa’s wagon driver. Then Costa sued his employee to recover the amount he had to pay for the mare. There was no issue as to the employer’s independent negligence because the facts were clear that the employee was alone in the wagon at the time of the accident; that the employee’s negligence was the sole cause of the accident, and that Costa was free of any causally related independent negligence whatsoever. The principal issue discussed by the court was whether the judgment in the first case could he considered as evidence of the employee’s negligence. The court held that it could and awarded judgment in favor of Costa against his employee for the amount of the judgment which Costa had paid to the owner of the mare. But, in the course of its opinion the court made this statement, on which defendant here relies:
*915 “ ‘While the master is liable to third persons for injury arising from his servant’s negligence within the scope of his employment, if the master is free from fault as to negligence in question he may have his remedy against his servant for damages to which he is thereby subj ected, and the measure of damages, in such case, is the amount of the recovery against the master.’ ”
On the basis of this quotation from the Costa case, defendant argues that an employer has the burden of showing freedom from independent negligence in any suit by the employer against his employee for damages. This is an erroneous conclusion. First of all, it must be observed that in the Costa case the employer was not in the wagon and independent negligence of the employer was not a defense. There is no discussion in the opinion as to the necessity of specially pleading contributory negligence or as to any burden on the employer to prove his freedom from negligence and the case is not authority on these issues.
In Hardtner v. Aetna Casualty & Surety Company, supra, the other case relied on by the defendant, Mr. Hardtner was a passenger in his own automobile, being driven by a friend, Mr. Richey, at the time it collided with a locomotive. Hardtner’s heirs brought a death action against the liability insurer under the policy’s omnibus clause. One defense urged by the insurer was that Richey’s negligence was imputed to Hardt-ner so as to bar recovery by Hardtner’s heirs. The court rejected this argument, stating that the only theory upon which negligence is imputed to another person is agency, master and servant, etc., but even in these situations the master has a cause of action against the servant for damages caused by the servant’s negligence. The court then quoted the above statement from the Costa case, which is apparently the only reason the Hardtner case is cited here. The Hardtner case is certainly not authority for the proposition that an employer suing an employee has the burden of proving freedom from negligence.
The law is clear that an employer has a cause of action against his employee for damages suffered by the wrongful acts of the employee. In such a suit, the general rule applies that contributory negligence must be specially pleaded as an affirmative defense in defendant’s answer. Since defendant here has failed to so plead contributory negligence, this defense is not available to it.
The amount of damages to plaintiff’s truck is shown to be the sum of $531.44.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Adam Willis, and against the defendant, Grain Dealers Mutual Insurance Company, for the sum of $531.44, together with legal interest thereon from date of judicial demand until paid and all costs of court. Costs of this appeal are assessed against the defendant appellee.
Reversed and rendered.