GULOTTA, Judge.
While using a top-loading, coin-operated washing machine in a laundromat, plaintiff suffered injury to her finger resulting in an amputation when she attempted to retrieve a bedspread from a spinning washtub in the machine. From a dismissal of plaintiff’s suit for injuries sustained, plaintiff appeals. We affirm.
It is Mrs. Morgan’s contention that after the machine had completed the entire cycle and had come to a complete stop, she opened the door of the machine and attempted to take out the bedspread, whereupon the tub commenced to spin, causing *102 the injury. Specifically, plaintiff contends that the lid lock[1] and the safety switch[2] were defective. According to plaintiff, these defects in the machine caused the washtub to go into a spin cycle after the machine had completed the entire wash-rinse-and-spin cycle and had come to a stop while plaintiff’s hand was in the machine and without the insertion of an additional coin into the slot.
The trial judge, in written reasons, stated:
“This Court is not persuaded that the accident happened as plaintiff and her witness testified. Without this finding of fact, there is no basis to conclude that the machine was defective.
“The more likely hypothesis, i. e., that a defective lid lock allowed plaintiff to reach into the machine while it was still spinning, convicts plaintiff of contributory negligence.”
The description of the operation of the machine by a serviceman who inspected it sometime after the accident supports the trial court’s conclusion that the safety switch was not defective and the accident could not have occurred as claimed by plaintiff. According to this witness, before the machine reentered the wash or spin cycle, the tub would commence to rotate slowly. Presumably, one could withdraw his hand from the tub without receiving injury.
Under the circumstances, we conclude the evidence supports the court's finding of contributory negligence. In order for plaintiff to have sustained the injury, plaintiff could only have placed her hand into the machine while the washtub was spinning.[3] Having concluded that the record supports the trial judge’s factual determination of contributory negligence,[4] we affirm.

AFFIRMED.

. A properly operating lid lock prevents the door from opening while the machine is in the spin cycle.

. This switch, when operating properly, causes the washtub to stop spinning when the door is opened.

. A properly functioning safety switch would shut off the motor when the lid is opened. (See Footnote 2., supra.) The serviceman testified, however, that after the motor goes off following the completion of the spin cycle, the tub continues to spin, by momentum, for approximately 30 to 45 seconds.

.Our courts have recognized contributory negligence as a defense to an action under LSA-C.C. art. 2695 for injuries caused by a defect in the thing leased. As stated in Anslem v. Travelers Insurance Company, 192 So.2d 599 (La. App. 3d Cir. 1966), the article pertains only to defects “of a nature reasonably expected to cause injury to persons using ordinary care under the circumstances". See also Turner v. Aetna Casualty and Surety Company, 175 So.2d 304 (La.App. 2d Cir. 1965), writ refused, 247 La. 1094, 176 So.2d 147 (1965); Redd v. Sokolski, 2 So.2d 266 (La.App. 2d Cir. 1941); Wilson v. Virgademo, 258 So.2d 572 (La.App. 4th Cir. 1972).