SAMUEL, Judge.
This is a suit against an employer and its insurance carrier for workmen’s compensation and, in the alternative, for damages in tort.
The trial court dismissed the suit with a finding that plaintiff was not covered by the compensation act and that her contributory negligence barred her recovery under the tort claim. Plaintiff has appealed.
Plaintiff was employed by the Browne-McHardy Clinic as a receptionist for one of its doctors and was working in that capacity when, on January 6, 1958, she had the accident which forms the basis of her complaint. Her duties consisted of using the telephone, making and breaking the doctor’s appointments and getting the charts for his patients. She was also expected to bring the doctor coffee of which he appears to have consumed a considerable quantity. In order to obtain the charts and coffee she had to go from the back wing of the building where she worked to a front wing. Although it was possible for her to make this trip through an adjoining breezeway and she was not required to use any particular route, plaintiff habitually walked across an open courtyard in going from one wing to the other.
On the day of the accident, after transporting some coffee in this fashion, she started to cross the courtyard to get a chart from the front wing. At that time the pavement in the courtyard was torn up and ar. open trench, about one foot in width and depth and containing pipe, had been cut across the entire length of the .open area. The work was being done by the Clinic itself under the supervision of its building *415 maintenance manager in connection with the construction of a laundry on the ground floor. The Clinic had a laundry on the fourth floor but needed that space for other purposes. The work had been going on for about two weeks and plaintiff had crossed the trench an average of twice a day for that period of time. There were no signs or barriers posted in or around the area of the broken pavement.
The accident happened in clear daylight. Plaintiff tripped and fell as she was crossing the trench and suffered injuries to her face, a finger, her knees and her back, which she claims disabled her for a period of approximately five months (there is some question as to whether or not plaintiff’s disability was due to the injuries sustained as a result of the accident), during a part of which time she received her regular salary.
The assured defendant is a clinic operated by a number of doctors to afford medical services for their patients. The laundry being installed, as was also true of the one already in use on the fourth floor, was to be operated solely for the purpose of serving the clinic.
It is quite clear that Act 495 of 1958 (LSA-R.S. 23:1166), which provides that when an insurance company issues a policy to an employer covering claims for injuries to employees arising within the scope of the employer’s business that company is estop-ped from denying liability on the grounds that the employment was not hazardous, has no application in the instant case because plaintiff’s accident occurred prior to the passage of the act. Prevost v. Felix’s Inc., La.App., 121 So.2d 91; Hymel v. Employers Liability Assur. Corp., Ltd., of G. B., La.App., 113 So.2d 481.
In order for plaintiff to recover in workmen’s compensation she must show that she was performing services arising out of and incidental to her employment in the course of her employer’s trade, business or occupation which is hazardous either by definition under the Workmen’s Compensation Act, particularly LSA-R.S. 23:1035, which makes certain trades, business and occupations hazardous per se, or by the jurisprudence thereunder.
Plaintiff concedes that the business of operating a medical clinic is not hazardous under the statute but contends that it must be regarded as hazardous because its operation involves the use of machines and equipment regarded as dangerous. Particularly, she points to that portion of LSA-R.S. 23 :- 1035 which makes hazardous per se trades, businesses and occupations engaged in “the operation, construction, repairs, removal,, maintenance and demolition of * * *, power laundries, * * * ” and relies on the cases of Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303; Hecker v. Betz, La.App., 172 So. 816; Stephens, for Use and Benefit of Stephens v. Catalano, La.App., 7 So.2d 380, and others.
The rationale of these cases is that where the employer is engaged in a business which has both hazardous and non-hazardous features, the employee whose work brings him into contact with the hazardous features is covered by the Act. In all of the cases cited the duties of the employee required him to make use of, or come in contact with, some hazardous feature incidental to the employer’s business.
In the instant case the employer’s business was non-hazardous and plaintiff’s duties were wholly non-hazardous in a nonhazardous branch of that business. See Coleman v. Sears, Roebuck & Co., La.App., 83 So.2d 469. She was not required by her work to come in contact with any hazardous feature of the clinic at anytime even conceding arguendo that such a feature did exist. More particularly, she was not required to come in contact with the temporary work of laying pipe in the courtyard. We agree with the trial court in finding that she was not covered by the Compensation Act.
We are also satisfied that plaintiff’s claim in tort is clearly barred by her con- *416 tributary negligence. She was thoroughly familiar with the trench, having used the area for an average of twice daily over a period of two weeks while the construction work was going on. Despite this fact, on the day of the accident, in broad daylight and with the trench in full view, she tripped and fell while crossing. Her negligence is obvious and it would serve no useful purpose to discuss the negligence, if any, of the Clinic. Williams v. Liberty Stores, 148 La. 450, 87 So. 233.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.