SAMUEL, Judge.
Plaintiff filed this suit for personal injuries against Security Homestead Association and its liability insurer, The Phoenix Insurance Company. The injuries were accidently sustained in a building owned and operated by Security. At the time of the accident portions of the building were undergoing renovation. The work, or a major part of it, was being done pursuant to a contract between Security and Richard F. Goodyear, Inc. and a subcontract between Goodyear and King & Company. Plaintiff was injured while working for the subcontractor.
Defendants answered in the form of a general denial and alternatively pleaded contributory negligence and assumption of the risk. They also filed a third party demand against Goodyear and Anthony’s Air Conditioning Service, Inc. for indemnity and, alternatively, contribution. A petition of intervention was filed by Insurance Company of North America, compensation insurer of King, to recover compensation benefits and medical expenses paid by in-tervenor as a result of the accident. Goodyear filed a third party demand against its insurer, Employers Mutual Liability Insurance Company of Wisconsin, complaining of the latter’s failure to defend the suit and seeking judgment against Employers in the event of judgment against Goodyear. Subsequently the defense of Goodyear was assumed by Employers.
After a trial on the merits there was judgment in favor of the original defendants, Security and Phoenix, and against the original plaintiff, Cooper, dismissing the latter’s suit. The judgment also dismissed the intervention and both third party demands. The original plaintiff alone has appealed and no answer has been filed thereto. No appeal having been taken from the dismissals of the intervention and the third party demands, those matters are not before us.[1]
Our review of the record reveals the following facts relevant to the manner in which the accident happened:
Security owned a seven story building on Carondelet Street in the City of New Orleans, occupying one-half of the first floor and renting the remainder. It was in the process of extensively renovating portions of the building, particularly the second floor which had been rented to a new tenant. The principal renovations were being performed under a contract with Goodyear and the latter had subcontracted the installation of ceilings to King.
Security itself engaged other contractors for air conditioning and electrical and plumbing work not covered by the Goodyear contract. Prior to that contract steam pipes had been removed, air conditioning ducts installed and plumbing and carpentry work done. A 3 to 4 foot crawl space was left open between the first floor ceiling and the second floor to connect pipes. Two holes, approximately 14 inches wide by 2 to 3 feet long and 4 feet deep, were left in the floor of the second story so that workmen could drop down when it became necessary to make the connections. These holes, made by Anthony’s Air Conditioning *567 at least a month prior to the Goodyear contract, were temporarily covered with plywood which on some occasions had been removed by workmen and subsequently replaced over the holes.
Plaintiff, an experienced ceiling mechanic, was sent by King to begin installation of the ceiling. He arrived on the job, for the first time, at about 7:30 a. m. on the day of the accident. Although a considerable part of the renovating had been completed, it was obvious that construction work was still in progress. Plaintiff waited several minutes for the arrival of Koes-ter, the Goodyear superintendent, identified himself and asked about the ceiling plans. On being told they should be with the ceiling materials located in a small room on the second floor he proceeded to that room for the purpose of obtaining the plans.
The only natural light in that room came from several dirty windows located at least 20 feet away in another room. Although the room did have electric lights as a result of temporary wiring, because of a fire previously caused by that wiring the electrical power could be turned on only from a switch in a locked cabinet the key for which was kept by the Security building superintendent. It was the latter’s practice to engage the switch and thus provide electric light on the second floor at approximately 8 a. m. when the day’s construction work would begin. The accident occurred before the beginning of that work and before the electric power was on. In consequence, the room containing the ceiling materials and plans was dark.
The room was about 10 feet in length and the ceiling materials were located 4 or 5 feet from the door. According to plaintiff’s testimony, he walked to the materials but was unable to find the plans. He then noticed a box behind the materials and went to look there, walking around the box approximately 2 feet to its left. In doing so he stepped into one of the “crawl” holes described above and was injured.
It is clear the electric lights were not on at the time the accident occurred and that various employees of both Security and Goodyear knew of the presence of the holes, had seen them uncovered at various times and on some occasions had re-covered them. The holes were a necessary part of the construction work and could not be closed finally until that work was completed.
The trial court judgment is based on a finding of no negligence on the part of Security and of contributory negligence on the part of plaintiff. In this court appellant contends he was not guilty of contributory negligence and Security and Phoenix are liable because, as he was an invitee on the premises, Security was negligent in not warning him of the holes in the floor and in not providing him with adequate light so that he might discover those holes himself. Appellees argue the trial judge’s conclusions are correct and, alternatively, that plaintiff’s exclusive remedy against them is in workmen’s compensation because he was Security’s statutory employee under the compensation act. As we conclude plaintiff was guilty of contributory negligence which proximately caused the accident, a determination of any other issue is unnecessary. Assuming, but not deciding, Security was negligent, plaintiff’s negligence bars a recovery by him.
Plaintiff was an experienced construction worker who must have been familiar with the dangers, hazards and obstructions usually accompanying internal construction work. Information that the electric lights would be turned on in a very short time was readily available to him on simple in *568 quiry. Yet despite these facts, he entered the dark room, with which he was totally unfamiliar and in which he could only dimly see materials and boxes, and while walking around that room stepped into a hole which he could have anticipated but which the darkness prevented him from seeing. Under these circumstances we are satisfied he failed to exercise even the duty of ordinary care and prudence imposed upon an invitee to observe and discover dangers.[2]
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Coates v. Marcello, La.App., 235 So.2d 162.

. See Jumonville v. Calogne, La.App., 141 So.2d 430; Curet v. Hiern, La.App., 95 So.2d 699; Briscoe v. Bailey, La.App., 74 So.2d 770.