TUCKER, Judge.
This is a suit for damages for personal injuries sustained by plaintiff-appellant, Evince Martin, Sr., on September 25, 1968, when he stepped backward, tripped in a hole in the ground, and severely cut certain fingers of his hand with a Black and Decker electric table saw, which he was operating at the moment he tripped. At the time of the accident plaintiff-appellant was engaged in building a house for his daughter and her husband, defendant herein, located on property owned by plaintiff’s wife, about one hundred feet to the rear of the house in which plaintiff had lived with his wife for thirty-seven years.
The hole in which Mr. Martin tripped was approximately one foot in diameter. It had been caused by the fact that the defendant, William Walter Ice., Jr., plaintiff’s son-in-law, removed a utility pole which he had used to service his trailer that had been parked nearby until destroyed by a hurricane. After destruction of his trailer defendant Ice had removed the utility pole, but had failed to fill the hole. In the two years since the hurricane grass had grown over the hole, to the height of five or six inches, and defendant had forgotten about it.
In tripping plaintiff accidentally slipped his hand into the power saw he was preparing to use and so damaged his right hand that the distal third and part of the next phalanx of the middle finger had to be removed. He also suffered injury to the extensor of the fourth finger of the right hand. Plaintiff alleged much pain and suffering as a result of the aforementioned injuries. A carpenter and netmaker prior to the accident, plaintiff allegedly has not been able to engage in carpentry as a trade since the accident and has great difficulty in making nets. Plaintiff’s physician testified to a fifty per cent (50% loss of plaintiff’s right middle finger and twenty-five per cent (25%) of his right hand. Plaintiff charged his son-in-law, defendant William Walter Ice, Jr., with negligence in failing to fill and cover the hole created by the removal of the trailer utility pole and in failing to warn him about the hole. He sued Ice and his insurer under a home owner’s policy, Firemen’s Insurance Company of Newark, New Jersey, in solido as follows:
1. Hospital, medical expenses, drugs and medical supplies in the amount of $552.65, less $500 previously paid, leaving a balance due of. $ 52.65
2. Physical pain and suffering . 5,000.00
3. Permanent injuries . 10,000.00
4. Loss of wages . 7,000.00
TOTAL $22,052.65
Defendants answered plaintiff’s original suit with a general denial and pleaded plaintiff’s contributory negligence in the alternative. The trial judge dismissed plaintiff’s suit on the basis of his own contributory negligence. Plaintiff has appealed from this judgment alleging as error the fact that the trial judge did not find that defendant was negligent in failing to fill and cover his utility pole hole and in failing to warn plaintiff of its presence. Plaintiff also finds error in the trial court’s determination of his own contributory negligence.
Although the trial judge made no finding as to defendant’s negligence, we find that a careful review of the evidence substantiates plaintiff’s allegations of defendant’s negligence. To leave a hole of this magnitude uncovered and unfilled for two years in a small area frequented by two families is negligence so obvious that nothing further need be said about it. At the very least defendant William Walter Ice, who created the hole, should have marked it. We agree with the trial judge in his observation that it seems difficult to believe that defendant Ice could have forgotten about the hole and could not remember its location when it was only four or five feet from his house. Furthermore the plaintiff testified that Ice mowed the *119 grass in the area of the hole and took care of the yard in general.
Regardless of defendant’s negligence we believe that plaintiff’s own contributory negligence was such as to bar any recovery by him. We quote from the opinion of Judge Leonard Greenburg, the trial judge, in support of our decision:
“More important is plaintiff s avowed ignorance of the location of the hole. He stated he had worked on his son-in-law’s house for about two months. It is inconceivable to us that a carpenter working in, on and around a house for that length of time could be unaware of the existence of a hole one foot in diameter within three to five feet of the perimeter of that house.
“Even if, as plaintiff contends, grass had grown high enough to conceal the hole at one time or another, certainly after construction of the house began, an area of at least five feet around the house would have been cleared either deliberately or as the result of the activity necessarily entailed in building even the simplest of houses.
“We also note that the property on which plaintiff resides and on which Ice’s house is built is only 48 feet wide. In view of plaintiff’s testimony that he had worked in the area back of his son-in-law’s house before, we find it extremely unlikely that, in such a narrow space, he could have overlooked such a hole over a period of two months.
“Plaintiff stated that the table saw was 4 to 5 feet from the house, and that the hole was about 12 inches from the saw. At the trial, plaintiff testified that he had set the saw up the night before the accident. During his cross-examination, it was developed that he had stated in a previous deposition that he had set it up the morning of the accident.”
The record clearly depicts that the trial judge was correct in determining that the plaintiff was contributorily negligent in the occurrence of his accident which bars his recovery.
Since there is no manifest error in the findings of fact of the lower court, its decision is affirmed at plaintiff-appellant’s costs.
Judgment affirmed.