311 So.2d 609 (1975)
Ralph T. BARNES
v.
Louis PICK.
No. 6518.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
Rehearing Denied May 15, 1975.
Writ Refused June 24, 1975.
Jack Peebles, New Orleans, for Ralph T. Barnes, plaintiff-appellant.
Montgomery, Barnett, Brown & Read, Harold B. Carter, Jr., New Orleans, for Louis Pick, defendant-appellee.
Gordon F. Wilson, Jr., of Dodge, Friend, Wilson & Spedale, New Orleans, for Crescent City Novelty Co., Inc. and St. Paul Fire & Marine Ins. Co., third-party defendant-appellee.
Before GULOTTA, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This is a suit brought by an employee, Ralph T. Barnes, of a tenant-employer, Crescent City Novelty Company, Inc., against the employer's landlord, Louis Pick, for injuries sustained when plaintiff's leg was thrust into a crevice between an elevated vehicle ramp and the entrance of a rented warehouse. The defendant landlord filed third party proceedings against his tenant, Barnes' employer.
The facts are that Barnes was employed by Crescent City Novelty Company, Inc. in a warehouse leased from Pick, and one of Barnes' duties was to open the entranceway to the warehouse each morning. The warehouse, where the injury occurred, was designed so that its main loading entrance *610 was several feet above ground level. To allow easy access to the entranceway, a ramp of dirt, shells and gravel within retaining walls was constructed from the ground to the base of the warehouse door. The ramp was built in such a way as to leave a gap of approximately four inches between its upper end and the warehouse itself. The door to be opened was large enough to permit a vehicle to enter the warehouse, and it opened upward, that is, a person had to reach down and grasp the door handle, and exert an upward force to cause the door to slide upward and roll back at the top. It was the practice of Barnes to place his left foot on a narrow steel ledge, which formed the edge of the building itself, not as wide as his foot, and place his right foot upon the ramp, straddling the crevice. He would then reach over with his right hand and grasp the handle of the door, pulling it up. While so engaged on this particular morning, his foot slipped for some reason and fell into the crevice, injuring his left leg.
The trial court in its Reasons for Judgment stated the following:
"At the trial, it was shown that the plaintiff had worked at the warehouse for several months prior to the mishap and that he crossed the gap numerous times each working day. There is, therefore, no doubt that plaintiff was fully aware of the hazard long before the actual injury. This court believes that a plaintiff's prior knowledge of a potentially hazardous condition is of great importance in determining whether an otherwise recoverable cause of action is precluded by the plaintiff's contributory negligence, Donovan v. Barber Bros. Contracting Co., Inc., 282 So.2d 759 (La.App. 1st Cir. 1973); Martin v. Ice, 263 So.2d 117 (La.App.1st Cir. 1972). The facts presented in this case show that the plaintiff did have a clear appreciation of the danger created by the gap and that his conduct was such as to contribute at least in part to the fall which resulted in his injuries. The court, therefore, concludes that this contributory negligence acts to defeat plaintiff's cause.
"Finally, the plaintiff is charged with the duty of observing obvious and apparent defects in his way and must exercise reasonable caution to avoid same. Kuhn v. Oulliber, 225 So.2d 317 (La.App.4th Cir. 1969). This court believes that the plaintiff did not exercise reasonable care in avoiding the danger which be observed and this too acts to block his recovery for any resulting injuries."
The record shows ample evidence to support the facts and conclusions found by the trial judge. It is apparent to us that this crevice of several inches in width between the ramp and entrance door of the building is an obviously dangerous condition to any reasonable minded person. The plaintiff himself testified that he thought the condition was dangerous, and the other persons who opened the door on occasion, one Mrs. Wedon, testified "it was very dangerous." and another, Michael Johnson also said it was dangerous.
Plaintiff relies upon the rationale expressed in the case of Wilson v. Virgademo, 258 So.2d 572 (La.App.4th Cir. 1972) and Redd v. Sokoloski, 2 So.2d 266 (La.App.2d Cir. 1941) to the effect that where a tenant has knowledge of the generally defective condition of a portion of the rented premises, but it reasonably appears that he might safely use it with the exercise of care, his use in such manner does not constitute contributory negligence that would bar his recovery in an action for damages resulting from the injury. While we agree with that principle, the facts in this case do not come under that rule, but under the expressed exception thereto, that if he was aware of the defect and it was such as to indicate to a reasonable-minded person that use of the defective portion was apparently an eminently dangerous situation, recovery is not permitted. We find, as did the trial judge, that the defect was obviously dangerous.
*611 The record further shows that plaintiff was contributorily negligent in his method of opening the door in the presence of this hazard. That is, he used a small iron ledge, narrower than his foot by his own testimony, as the basis to apply leverage for his lifting operation. It is this foot which slipped into the hole. The record discloses that there were other methods available for opening the door, perhaps not as convenient, dependent upon the decision of the opener, and indeed, we have difficulty understanding why he would place his feet in the position that he did, and then use his right arm, the outside arm, in order to pull the door upward. We too believe that the plaintiff did not exercise reasonable care in avoiding the danger which he observed and knew about, and in addition to the cases relied on by the trial judge, we refer to the cases of Toye v. Browne-McHardy Clinic, 131 So.2d 413 (La.App.4th Cir. 1961); Henson v. Travelers Insurance Company, 228 So.2d 667 (La.App.1st Cir. 1969); Cooper v. Phoenix Insurance Company, 252 So.2d 565 (La.App.4th Cir. 1971).
For the foregoing reasons, the judgment appealed from is affirmed at appellant's cost.
Affirmed.
GULOTTA, J., dissenting.
GULOTTA, Judge (dissenting).
I dissent. The accident occurred when plaintiff was injured as he attempted to open an upward swinging warehouse door. The garage-type door was nine feet from the ground with a shell and gravel ramp leading up to it with a crevice four to five inches wide between the door and the edge of the ramp. Plaintiff attempted to open the door by putting one foot on a ledge immediately next to the door and the other foot on the ramp. As he did so, his left foot slipped causing his left leg to become lodged in the crevice between the warehouse and the ramp, thereby injuring his left knee.
Plaintiff bases his suit against the owner on LSA-R.C.C. art. 2322 which provides:
"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."
In such instance, the owner of a building is not liable for injuries caused as a result of those defects if the damages were also occasioned by the contributory negligence of plaintiff.
In Gillian v. Lumbermens Mutual Casualty Company, 240 La. 697, 124 So.2d 913 (1960), the court concluded, in a suit against a landlord that knowledge alone of the defective conditions of the premises will not defeat the injured party's claim. In Gilliam the court was faced with a similar situation in that an employee of a tenant sued the owner of the building, or the landlord, for damages resulting allegedly from a defective condition in the premises. That court stated:
"It has long been the jurisprudence that knowledge alone on the part of the injured party that the premises were in a defective condition will not defeat an action for damages against his landlord or the owner of the premises. Wise v. Lavigne, 138 La. 218, 70 So. 103; Boutte v. New Orleans Terminal Co., 139 La. 945, 72 So. 513 and Landry v. Monteleone, 150 La. 546, 90 So. 919. * * *"
In Wilson v. Virgademo, 258 So.2d 572, 575 (La.App., 4th Cir. 1972), which quoted Redd v. Sokoloski, 2 So.2d 266, 268 (La. App., 2d Cir. 1941), the rule was expanded upon to provide that if knowledge of the defect is coupled with the belief that the defect can be used in safety, its use, with the exercise of due care, does not constitute contributory negligence. In Wilson the court was confronted with a tenant's contributory negligence. In our case, we are faced with the claim of contributory negligence of a tenant's employee. For the *612 purposes of determining whether a party is contributorily negligent, I perceive no real difference in whether the injured party is a tenant or an injured employee of a tenant. The court set out the rule in Wilson as follows:
"* * * [W]e understand the rule to be that where a tenant has knowledge of the generally defective condition of a portion of the rented premises, but it reasonably appears that he might safely use it with the exercise of care, his use in such manner does not constitute contributory negligence that would bar his recovery in an action for damages resulting from the defects. If, however, he was aware of the defect causing the injury and it was such as to indicate to a reasonable-minded person that use of the defective portion was apparently and imminently dangerous, recovery is not permitted."
In the instant case, Barnes knew of the defective condition of the ramp. However, if he exercised due care in the use of the defective condition, he cannot be guilty of contributory negligence.
Our law is clear that the defense of contributory negligence is an affirmative one which must be specially pleaded and proved by a preponderance of the evidence as any other fact. See LSA-C.C.P. art. 1005. Boure v. New Orleans Public Service, Inc., 255 So.2d 776 (La.App., 4th Cir. 1971), writ refused, 260 La. 857, 257 So.2d 432 (1972).
It then is Pick's burden to show that Barnes failed to exercise due care on the date of the accident, if Barnes is to be denied recovery based on his contributory negligence.
The record reflects that on the morning plaintiff was injured he attempted to open the door in the same manner as he did on every working day for a four-month period. Plaintiff's employer, his employer's wife and a co-employee all testified that they opened the door in exactly the same manner that plaintiff did. Apparently, the easiest and only feasible way to get enough leverage to open the door was to put one's foot on the ledge. No evidence was presented to indicate that Barnes, on the fateful morning, did anything differently than he or the other persons did over a four-month period. The method used to open the door, until the day of the injury, proved safe and satisfactory.[1]
However, defendant maintains that Barnes may have reasonably believed that he could use the premises in safety, but that on the morning of the accident he failed to use due care. Defendant suggests that the rainy weather conditions on the morning of the accident required that plaintiff utilize additional safety precautions because of the slippery conditions caused by the weather. But Pick failed to show that either a more hazardous condition was created by the weather or that Barnes failed to compensate for the additional hazard. We cannot presume merely because plaintiff was injured that he was guilty of contributory negligence. See Turner v. Aetna Casualty and Surety Company, 175 So.2d 304 (La.App., 2d Cir. 1965), writ refused, 247 La. 1094, 176 So. 2d 147 (1965) and Gilliam v. Lumbermens Mutual Casualty Company, supra. Defendant simply failed to carry the burden of proof required to show plaintiff is guilty of contributory negligence. Accordingly, I am of the opinion plaintiff is entitled to recovery.
NOTES
[1] It should be noted that Barnes could not have avoided this defect, because no other means of egress and ingress were available to the warehouse.