BOUTALL, Judge.
Plaintiff filed suit against defendant and defendant’s insurer for damages arising from a slip and fall plaintiff suffered at a *430 construction site. After trial on the merits, the trial court rendered a judgment dismissing plaintiff’s suit and plaintiff now appeals that judgment.
Basic facts are uncontested. Cyrus Mari-no was an electrician employed by Fishback & Moore, Inc., working on the new Federal Building in the City of New Orleans. On June 20, 1974, the plaintiff was working on the third floor of the multi-storied office building installing electrical conduit. The area in which the plaintiff was working was splashed with droppings of fire-proofing material, (Vermiculite and plaster) that had fallen to the floor while being sprayed on the steel beams. The fire-proofing material was extremely slippery and covered almost the entire area, including the stairs near the working area.
As the plaintiff knocked off work that day, he descended the south staircase, the only staircase open in the office building, rather than waiting for the man-lift or walking approximately 200 feet to the adjoining court building and using the staircase which was open in that building. After taking a couple of steps, the plaintiff slipped and fell, injuring his back.[1]
Plaintiff Marino was unable to work until November 1974, and then returned only on a limited basis. During that period of convalescence Marino received workman’s compensation benefits from his employer’s insurer, Travelers Insurance Company, who intervenes for benefits paid.
Plaintiff sought recovery in tort from the fire-proofing contractor on the basis that the defendants were negligent by conducting the spraying operation in an unsafe manner and without proper regard for safeguards of others working in the area. The defendants answered the suit alleging the plaintiff to be negligent, contributorily negligent, or having assumed the risk.
During trial, plaintiff called several witnesses and all testified to the presence of the fireproofing material which covered the work area and the extreme slipperiness of the material.
Marino’s foreman, Walter Ford, Jr., testified that it was hard to avoid walking through the substance because it was all over the working area, and further, he himself slipped almost every day on the stairs where the plaintiff slipped. Ford himself had fallen on three prior occasions.
Peter Foret, a government safety inspector, testified that just about everyone had to go through the area where the substance had fallen on the floor. Foret added that the south stairs were the only stairs open in that building and that the fire-proofing material was difficult to detect or see on the stairs.
Ferdinand Schwab, an electrical inspector at the job site, was walking ten to twenty feet behind the plaintiff when the plaintiff slipped and fell. Schwab did not see the plaintiff move in a reckless or dangerous manner when approaching the stairs, but when asked during cross-examination why he too didn’t fall, he explained, “I was extra careful.” Schwab testified that he had never fallen on any other occasion either.
The trial judge rendered his reasons for judgment from the bench. He found the defendant company was negligent in the manner in which they performed their function of keeping the area clean. However, he also found that plaintiff knew the substance was on the steps and that it was slippery, and that the dangerous condition was of an obvious character which denoted to all concerned to use a high degree of care and caution in negotiating the area where the substance was present.
The trial judge found that others did not fall because they were being extra careful and that was the degree of care required when a person was aware of a known danger. The trial judge was not convinced that the plaintiff was holding onto the railing at the time of the fall. Based on these facts and the fact that the plaintiff did have an alternate route to leave the building, the trial judge found the plaintiff to have been contributorily negligent.
*431 Our review of the record convinces us that the trial judge was correct in his determination that the plaintiff was con-tributorily negligent. A party who fails to exercise the degree of care and prudence required in avoiding a danger which he has observed and knows about is contributorily negligent. Barnes v. Pick, La.App., 311 So.2d 609 (1975); Cooper v. Phoenix Insurance Company, La.App., 252 So.2d 565 (1971); and Toye v. Brown-McHardy Clinic, La.App., 131 So.2d 413 (1961).
The plaintiff himself had admitted that he had prior knowledge that the fireproofing material was extremely slippery and that one had to be cautious when walking on the surfaces covered by the substance. Plaintiff admitted there was at least one other means of leaving the building. Nonetheless, the plaintiff chose to take the stairs in spite of the knowledge of the dangerous condition of the steps when he finished work that day. Under those circumstances, we are satisfied that the plaintiff failed to exercise the degree of care required in such a situation and is thus barred from recovery by his own contributory negligence.
Accordingly, the judgment appealed is affirmed.

AFFIRMED.

. Dr. Robin Llewellen, a neurosurgeon, testified that the plaintiff suffered ruptured discs at the L-3,L-4 level and at the L-4.L-5 level which he removed by operation. Dr. Llewellen would not advise the plaintiff to return to full, unlimited work.