405 So.2d 587 (1981)
CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, Plaintiff-Appellant,
v.
STATE FARM FIRE & CASUALTY CO., et al., Defendants-Appellees.
No. 8359.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1981.
*588 Stafford, Stewart & Potter, Russell L. Potter, Alexandria, for plaintiff-appellant.
Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendants-appellees.
Before GUIDRY, FORET and SWIFT, JJ.
SWIFT, Judge.
Plaintiff, Cambridge Mutual Fire Insurance Co., the fire insurer and subrogee of John and Diane Whaley, filed suit against Kenneth and Shirley Campbell and their liability insurer, State Farm Fire and Casualty Co., for $74,433.00, the amount the plaintiff paid to the Whaleys as damages to their house by fire. The plaintiff has appealed from the trial court's judgment holding that the Whaleys' contributory negligence barred its recovery.
On December 7, 1979, between 11:00 and 11:30 p. m. Mr. and Mrs. Whaley returned to their home with the Campbells after having dinner at a local restaurant. The two couples entered the living room and seated themselves. Mrs. Campbell was seated in a cushioned wingback chair and smoked one or more cigarettes. The chair's seat cushion was removable.
Shortly after midnight the Campbells left and the Whaleys retired for the night. At 1:38 a. m. the local fire department was notified of a fire at the Whaley home. After investigation the fire department concluded the origin of the fire was probably the stuffed wingback chair in which Mrs. Campbell had been seated earlier.
At the trial John Whaley testified he had observed Mrs. Campbell brushing the cushion of her chair, although he did not actually see her drop any ashes into it. Diane Whaley stated she had observed some ashes and sparks from Mrs. Campbell's cigarette falling into the chair. The latter immediately got partially up or slid to one side and then brushed the chair. The Campbells had no recollection of Mrs. Campbell dropping either fire or ashes into the chair, but did not deny such incident occurred.[1] Neither Mr. nor Mrs. Whaley said or did anything about the ashes falling into the chair.
The trial court found that Mrs. Campbell was negligent and that the Whaleys were contributorily negligent. The plaintiff-appellant contends that the trial court erred in the latter determination which precludes its recovery. We disagree.
The appellant argues that the Whaleys were not obliged to inspect the chair, since Mrs. Campbell was under a duty to carefully brush out the ashes and the Whaleys had no reason to anticipate she would be negligent in this respect.
Contributory negligence, of course, is conduct on the part of a plaintiff which falls below the standard to which that person should conform for his own protection, the standard being that of a reasonable man under like circumstances. Smolinski v. Taulli, 276 So.2d 286 (La.1973); *589 Dupas v. City of New Orleans, 354 So.2d 1311 (La.1978), on remand 361 So.2d 911 (La.App. 4 Cir. 1978), writ denied 364 So.2d 121, cert. den. 440 U.S. 971, 99 S.Ct. 1534, 59 L.Ed. 788. A person who fails to exercise the degree of care and prudence required in avoiding a danger which that person has observed and knows about is contributorily negligent. Marino v. Clark, 349 So.2d 429 (La.App. 4 Cir. 1977), writ denied 351 So.2d 177 (La.1977).
The determination of contributory negligence is a question of fact to be determined by the trier of fact. Skinner v. Nightingale, 377 So.2d 1348 (La.App. 1 Cir. 1979); Cooksey v. Central Louisiana Electric Co., 279 So.2d 242 (La.App. 3 Cir. 1973). Such a factual determination by the trial court will not be disturbed on appeal unless a review of the record reveals that the trial court was manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Mrs. Whaley saw the live ash fall into the chair. Since she had observed and had knowledge of the danger, she was under a duty to exercise the degree of care and prudence of a reasonable person to avoid such danger for her own protection and her property.
The evidence shows Mrs. Whaley failed in this duty. She did not inspect the chair after the incident and did not even mention such incident to the Campbells or to her husband. The cushion of the chair could have been easily removed to determine if the ash was still burning.
The record also reflects that Mr. Whaley observed Mrs. Campbell brushing the seat of the chair while she was smoking a cigarette. It was certainly reasonable for him to assume from this that ashes, some of which may have been live, had been dropped into the seam of the chair. However, Mr. Whaley also failed to inspect the chair to determine whether it was burning.
We are in accord with the trial judge's factual determinations and also with his conclusion that the Whaleys were contributorily negligent.
We are unable to agree with appellant's contention that Mrs. Whaley was not negligent for the reason that Mrs. Campbell was the person in the best position to determine the extent of the danger and failed to remedy the situation. Mrs. Whaley saw as much as or more than Mrs. Campbell and should have been just as aware of the danger. Unquestionably, she had an equal or better opportunity to eliminate same. Clearly, Mrs. Whaley was negligent for one of the same reasons that Mrs. Campbell was negligent, i. e., failing to see that the live ashes were actually extinguished, and such negligence on the part of both persons proximately caused this fire loss.
The appellant also contends that persons who use cigarettes should be held to a high degree of care because a cigarette is a dangerous instrumentality and as Mrs. Campbell failed to exercise such care in the use of her cigarettes she should be held strictly liable. Again, we cannot agree.
The law is settled that persons who use or handle inherently dangerous agencies, substances, or instrumentalities such as explosives, electricity, firearms, combustibles and fireworks which might endanger persons or property are held to a high or extraordinary degree of care. Waters v. Southern Farm Bureau Casualty Insurance Co., 212 So.2d 487 (La.App. 3 Cir. 1968), writ refused 214 So.2d 720 (La.1968); Miller v. Lambert, 380 So.2d 695 (La.App. 4 Cir. 1980). Also, when an instrumentality which is not inherently dangerous becomes dangerous through its use by the owner, the owner is under a duty of care "to take reasonable measures to protect unsuspecting persons from injury ... failure to do so constitutes negligence." Duxworth v. Pat Caffey Contractor, Inc., 209 So.2d 497 (La. App. 4 Cir. 1968), writ denied 252 La. 258, 210 So.2d 505. (Emphasis added.)
We find no authority for the proposition that cigarettes themselves are inherently dangerous instrumentalities. While they can become dangerous through the manner of their use, responsibility for damages resulting therefrom is based on negligence, not strict liability.
*590 For the foregoing reasons, the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] The appellee's counsel on appeal has not questioned the trial court's factual determination that the fire was caused by Mrs. Campbell dropping live ashes onto the chair.