WATKINS, Judge.
This is an action for personal injury resulting from a fall sustained by Roger D. Crowe, plaintiff, when he tripped backward. Made defendants are Howard Hoover, owner of the premises where the accident occurred and Prudential Insurance Company, homeowner’s insurer of Hoover. The trial court rendered judgment for defendant, dismissing plaintiff’s suit.
The facts indicate that Crowe was asked to go to the home of Hoover, his brother-in-law, to pick up some catfish. About an hour later, Crowe arrived at Hoover’s home in a pickup truck and parked his truck behind another truck (hereinafter called “the first truck”) in Hoover’s driveway. Crowe saw Hoover in front of the first truck. He walked past the hood of his own truck and past the bed, cab, and hood of the first truck without further observing Hoover. Hoover was breaking down old tires, using a sledge hammer. When Crowe attempted to walk in front of the first truck, Hoover, not seeing Crowe, swung his sledge hammer. Crowe fell backward to avoid being struck, and landed on a block of wood, injuring his back.
It appears obvious that Hoover was' not negligent, as the more credible evidence shows Hoover was unaware of Crowe’s presence, and that Crowe was negligent in not observing Hoover, who, although in a crouched position, was shown by photographs to have been observable by Crowe while he was walking past the hoods of the two trucks and past the bed of the first truck.
We annex the Reasons for Judgment of the trial court, which are in general accord with our holding, and which give a full account of the facts and set forth the applicable law.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.
REASONS FOR JUDGMENT
Plaintiff seeks damages for injuries received when he fell over a block of wood in dodging a sledgehammer wielded by defendant who was in the process of breaking a tire from its rim. Also made defendant herein is Prudential Property & Casualty Insurance Company, the insurer of defendant, Howard Hoover.
The record establishes the following facts. Defendant telephoned plaintiff, his brother-in-law, around noon on the date of the accident to tell him to drop by defendant’s home to pick up some catfish which defendant was giving him. Plaintiff arrived at defendant’s home around 2:00 p.m. He pulled his vehicle into defendant’s driveway immediately behind defendant’s pick *1233 up truck. When plaintiff got out of his vehicle, the defendant, who was situated in front of his own pick-up truck, told defendant to come on in. The defendant did not remember telling plaintiff to come in when plaintiff drove into the driveway.
Plaintiff saw defendant as soon as he got out of his truck, although he could not see what defendant was doing. After plaintiff got out of his vehicle, he started walking toward defendant along the left side of his vehicle and the left side of defendant’s truck which was parked in the same direction as plaintiff’s vehicle. The front end of defendant’s truck was elevated approximately ten inches apparently to accommodate changing the tire. Plaintiff was unaware of the activity being pursued by defendant when he rounded the front left fender of defendant’s truck. As plaintiff rounded the front of defendant’s vehicle, defendant, with his back to plaintiff, drew back a 16 to 20 pound sledgehammer to strike a tire. Plaintiff dodged the sledgehammer as it was raised over defendant’s left shoulder and in the process fell backward onto a block of wood, injuring his back. Until plaintiff actually rounded the front left corner of defendant’s vehicle immediately preceding the accident, plaintiff could barely see defendant’s back as defendant was stooping over a tire laying flat on the ground. Plaintiff could not see what defendant was doing until defendant raised the sledgehammer over his left shoulder. Plaintiff’s inability to observe better what defendant was doing was precipitated by the fact that plaintiff had a glass right eye.
Immediately before this accident, defendant had been engaged in changing tires with this sledgehammer for approximately 30 minutes. He had already broken down 5 or 6 tires. He was concentrating on hitting the tire with the sledge and did not notice plaintiff walking up behind him.
This Court must ascertain whether the landowner breached a legal duty imposed to protect against the particular risk involved. This determination is made through the following inquiries:
(1)What, if any, duty was owed by the landowner to the plaintiff?
(2) Was there a breach of this duty?
(3) Was the risk, and harm caused, within the scope of protection afforded by the duty breached? Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976).
There is a duty on a landowner under Articles 2315 and 2316 of the Louisiana Civil Code to act as a reasonable man in the management of his property in view of the probability of injury to others. This test of the landowner’s liability finds the common law classifications of invitee-licensee-trespasser to be of little help in applying Article 2315. Cates v. Beauregarde Electric Cooperative, Inc., 328 So.2d 367 (La.1976).
The question is presented as to whether defendant’s use of this sledgehammer increases his duty of care owed to others. When an object which is not inherently dangerous is used by its owner in such a manner that it becomes dangerous, that landowner has the duty to take reasonable measure to protect unsuspecting persons from injury. Duxworth v. Pat Caffey Contractor, Inc., 209 So.2d 497 (La.App. 4th Cir., 1968) writ refused, 252 La. 258, 210 So.2d 505 (1968). However, this duty imposed upon the landowner where inherently dangerous objects are not involved is not as heavy or burdensome as the duty of care to" avoid injury imposed upon the landowner when there exists an inherently dangerous object or condition on his property. Cambridge Mutual Fire Insurance Company v. State Farm Fire & Casualty Co., 405 So.2d 587 (La.App. 3rd Cir., 1981); Duxworth v. Pat Caffey Contractor, Inc., supra. This Court finds that the sledgehammer in this case is not inherently dangerous. Therefore, the duty on this defendant landowner is to take reasonable measure to protect unsuspecting persons from injury.
This Court finds that defendant did not breach the duty imposed upon him to act as a reasonable man in view of the probability of injuries to others. It is true that defendant was swinging a 16 to 20 pound sledgehammer at a tire; however, this type of activity would be dangerous to others only if they were within three or *1234 four feet of defendant’s activity. Defendant’s presence in front of his truck was noticeable to people approaching him. In fact, plaintiff saw defendant in front of his pick-up truck immediately before the accident. This Court feels that this accident was, as plaintiff stated, a freak accident. Plaintiff intimated that his lack of having a right eye may have played some part in him not seeing defendant by saying in a statement to the claims adjuster: “Yeah, in other words I walked around the end of it and uh, uh, I walked around the uh, left end of it, and I have a glass eye on my right side and just as I turned around I could see him, that is when he drew back and I had no idea I was standing behind him until I made that turn.”
Neither was defendant negligent in leaving in his yard the large block of wood which plaintiff hit when he fell. This block of wood was in plain view of anyone approaching it.
The duty of a landowner is not to insure against the possibility of an accident on his premises, but rather to act reasonably in view of the probability of injury to others. Shelton v. Aetna Casualty & Surety Company, supra. This Court feels that an individual with ordinary vision approaching defendant’s activity would not have walked within three or four feet of defendant before determining that defendant was slinging a sledgehammer. Plaintiff failed to prove that defendant acted in a substandard manner. This Court simply cannot find that defendant breached a duty in not acting as a reasonable man in these activities. Accordingly, plaintiff’s claim must be denied.
Plaintiff is to pay all costs of Court. This Court will sign a judgment in accordance with these reasons when one is presented to it.
Covington, Louisiana this 24th day of June, 1982.
/s/ John W. Greene JOHN W. GREENE, Judge Division “D”